(December 24, 1920.)

JOSHUA T. WILLIS, MARIA WILLIS and JOSEPH WILLIS, Appellants, v. BRYANT WILLIS, MAUD CAMERON and HERBERT PROTHERO, Respondents.

[194 Pac. 470.]

STATUTE OF FRAUDS—CONTRACTS—FULL PERFORMANCE—EFFECT OF—
CONSIDERATION — IRRIGATION — WATER RIGHTS — ACTION TO QUIET
TITLE TO—COMPLAINT—ESSENTIAL ALLEGATIONS OF—PRIORITIES—
FINDINGS.

1. The statute of frauds does not apply to a contract which has been fully performed.

2. The completion of diversion works in time to protect permit-holder's rights which might otherwise be lost is such a benefit to the permit-holder as to constitute a valid consideration for an agreement that the right to use the waters diverted by the works as between the parties should be equal as to priority.

3. When the conclusions of law and the judgment based thereon are not sustained by the facts found, the judgment will be reversed or modified.

4. A judgment not sustained by the pleadings will be reversed or modified.

5. A complaint which fails to state that lands sought to be irrigated are arid in character and require artificial irrigation, that waters have been applied to a beneficial use thereon, or

that the parties are in a position to apply such waters to a beneficial use, and the amount of water necessary to be applied to the lands, lacks the essential allegations necessary to constitute an action to quiet title to a water right.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to establish priority of water rights. From judgment decreeing the priorities, plaintiffs appeal. *Remanded with instructions.*

Sweeley & Sweeley, for Appellants.

If the findings of fact do not support the judgment, the judgment must be reversed. (*Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434; 8 Standard Ency. of Proc. 1032, and cases cited in note.)

As the defendants were legally bound, under their water permits, to construct a ditch from the common point of diversion to their land, their work in the construction of a joint ditch which involved advantage and no detriment to them is not a sufficient consideration to sustain an agreement on the part of the plaintiffs to give them an interest in the plaintiffs' water rights. (6 R. C. L. 664, sec. 73, and cases cited in notes.)

A water right is real estate and must be conveyed as such. This can only be done by a written instrument. (*Gard v. Thompson,* 21 Ida. 485, 123 Pac. 497; *McGinness v. Stanfield,* 6 Ida. 372, 55 Pac. 1020.)

C. M. Booth, for Respondents.

This contract was fully performed, and therefore does not come under the statute of frauds. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033.)

BUDGE, J.—On August 17, 1908, Joshua T., Joseph and Asa Willis made application to the state engineer for a per-

mit to appropriate 9.6 cubic feet per second of the waters of Big Creek. On September 15, 1908, Alonzo and Isaac Willis made application for a permit to appropriate 6.4 cubic feet per second from the same stream. In May, 1909, Herbert E. Prothero made application for a permit to appropriate 3 cubic feet per second from the same source. All of these applications were allowed, the point of diversion under each permit being the same.

In 1908 Asa conveyed his interest to his mother, Maria Willis. On August 7, 1912, Alonzo quitclaimed his interest to Maud Cameron. On August 9, 1912, Isaac conveyed his interest to Bryant Willis. All of the parties to the action are members of the same family, Joshua T. and Maria Willis being the parents, Joseph and Bryant Willis, their sons, Maud Cameron, a daughter, and Prothero, a son-in-law. They were all owners of, and in possession of, lands adjoining each other.

Prior to 1912, appellants, together with Alonzo and Isaac Willis and Prothero, surveyed a ditch at their joint expense from Big Creek to their respective lands and also surveyed a site for a reservoir, which at that time they intended to construct to impound the waters of Big Creek for the irrigation of their lands, under an agreement that their rights to the use of the waters so impounded should be equal. The reservoir was found to be too expensive and was abandoned. Some work was done upon the ditch by the appellants in 1908 and 1910. In the spring of 1912 appellants' rights under their permit were about to expire. To prevent this contingency, appellants and respondents entered into an agreement, the exact nature of which is the main issue in the case, with respect to which the court found:

"That in the spring of the year 1912 the plaintiffs and defendants herein reached an understanding whereby, the construction of the necessary ditches and irrigation works should be undertaken and completed by the joint efforts of the plaintiffs and defendants, for the diversion, appropriation and use of the water owned respectively by the parties plaintiff and defendant, and that in consideration of assist-

ance in the construction of the ditches and irrigation works to be rendered by the defendants, the plaintiffs agreed that the defendants should share with the plaintiffs equally in the use and appropriation of the waters of Big Creek under the permits and rights held and owned by all parties, and that the defendants herein would be entitled to the benefits of the plaintiffs' date of priority under their said permits, and the plaintiffs would be entitled to the benefits under the permits and water rights held and owned by the defendants, and that there should be no priority of right to the use of said waters under any permits as between the parties hereto.''

Although the evidence is conflicting, there is substantial evidence to sustain this finding.

As to the manner in which this agreement was carried out, the court further found:

''That the defendants, pursuant to and in conformity with said understanding, performed their proportionate share of the work, and paid their proportionate share of the expense of the construction of the ditches, canals, laterals and diversion works for the proper diversion, appropriation and use of the waters of said Big Creek under all of the permits and rights held and owned by the parties plaintiff and defendant; and that the defendants, pursuant to said understanding and relying thereon, from the year 1912 until and including the year 1915, used their proportionate share of the waters of Big Creek through the canals and ditches and works so constructed, all of which was done with the consent, and in fact with the assistance of the plaintiffs herein; and the plaintiffs and defendants, pursuant to said understanding, proceeded during said years to jointly use the waters of Big Creek under their several permits and rights jointly, by a system of rotation whereby each of the parties hereto obtained the full run-off under said several permits and rights once each six days.''

The court further found that up to the commencement of the action the appellants had jointly applied water to a beneficial use on 310 acres and respondents had jointly

applied water to a beneficial use on 205 acres.  As a conclusion of law the court found that the appellants should have decreed to them as against respondents such proportionate share of the waters of Big Creek as 310 bears to 515, and the respondents should have decreed to them as against appellants such proportionate share of the waters of Big Creek as 205 bears to 515, and entered a decree directing such division of the water and the immediate construction and installation of a headgate or measuring device to so measure the water.  This appeal is from the judgment.

It will not be necessary to discuss in detail the various assignments of error.  The main points presented thereby are that the evidence does not sustain the findings nor the findings the judgment, that neither the findings nor the judgment are supported by the pleadings, and that the court erred in refusing to strike out evidence offered in support of the alleged agreement for the transfer and sharing of the water rights, for the reason that such agreement was oral and should have been excluded under the statute of frauds.

Disposing of the last point first, it is only necessary to say that the evidence shows that this contract was fully performed, and that as to such contracts the statute of frauds does not apply.  (*King v. Seebeck*, 20 Ida. 223, 118 Pac. 292; *Stowell v. Tucker*, 7 Ida. 312, 62 Pac. 1033.)

The conclusions of law are not sustained by the facts found.  The court found that the appellants and respondents had entered into an agreement to build the ditch and irrigation system jointly, sharing equally in the labor and expense, and that " . . . . the plaintiffs agreed that the defendants should share with the plaintiffs equally in the use and appropriation of the waters of Big Creek under the permits and rights held and owned by all parties, and that the defendants herein would be entitled to the benefits of the plaintiffs' date of priority under their said permits, and the plaintiffs would be entitled to the benefits under the permits and water rights held and owned by the defendants, and

that there should be no priority of right to the use of said waters under any permits as between the parties hereto,'' which agreement had been fully performed and carried out at the time the dispute arose which gave rise to this action. The agreement that the rights of priority and to the use of the ditch were to be equal, in consideration of the completion of the canal and irrigation works by the joint labor and expense of both appellants and respondents, was a valid agreement when carried out and performed. The completion of the work in time to protect appellants' rights under their permit, which they might otherwise have lost, was such a benefit to them as to constitute a valid consideration for the agreement that the right to the use of the waters of Big Creek and the ditch, as between appellants and respondents, should be equal as to priority.

The court's conclusion of law, and the decree based thereon, go beyond the issues and are in part not responsive to the pleadings or the facts found. Under the pleadings the court was not justified in entering a decree dividing the water or requiring the construction or installation of a measuring device.

The decree as a whole cannot be sustained. It purports to award to the parties certain water rights, whereas the complaint wholly lacks the essential allegations necessary to constitute an action to quiet title to a water right. It fails to state that the lands sought to be irrigated are arid in character and require artificial irrigation, that the waters have been applied to a beneficial use by either appellants or respondents, that any of the parties are in a position to apply such water to a beneficial use, or the amount of water necessary to be applied to the lands of any of the parties hereto to a beneficial use. When the court, under the issues raised by the pleadings, found that the parties had equal priorities in the waters of Big Creek and an equal right to the use of the ditch diverting the same, it determined every material issue presented by the pleadings, and its decree should have been made accordingly.

For the reasons above given, the judgment is modified and the cause is remanded with instructions to the trial court to enter a decree in conformity with the views expressed in this opinion. Costs are awarded to the respondents.

Morgan, C. J., and Rice. J., concur.