212 P.2d 391

**WOOD et ux. v. HILL et al.**

No. 7532.

Supreme Court of Idaho.

Dec. 9, 1949.

Perce Hall, Mountain Home, for respondent.

Creed W. Mullins, Nampa, for John M. Clark.

HOLDEN, Chief Justice.

This is a suit to quiet title to real property located in Elmore county. It appears from the record John M. Clark purchased certain property in 1940. That at that time Clark and his then wife (now Ethel Hill) were residing at Burns, Oregon, and had resided there continuously from the time of

Anderson & Thomas, Boise, for appellant.

their marriage May 9, 1937, until the time of the purchase of the property.

The deed conveying the property to Clark was executed September 25, 1940, by George H. Day and Sarah E. Day, husband and wife, who were the father and mother, respectively, of appellant and Ethel Hill. The deed named as grantees both John M. Clark and his then wife, Ethel Clark, Ethel Hill and Ethel Clark being one and the same person. The name of Ethel Clark was inserted in the deed by the grantors. It was then recorded in the office of the county recorder of Elmore county at the instance of said George H. Day and Sarah E. Day. At the time the deed was executed by said George H. Day and Sarah E. Day to John Clark, Clark was still residing in the state of Oregon and was not present at the time or place the deed was executed, the deed being mailed to Clark in the state of Oregon.

In November, 1940, said John M. Clark and Ethel Clark moved from Oregon to the real property which is the subject of this suit and resided thereon until they separated in the fall of 1942, at which time Ethel Clark left said premises and returned to Burns, Oregon.

February 13, 1943, Ethel Clark procured a divorce from John M. Clark in the District Court of the Third Judicial District, State of Idaho, in and for Elmore County. In her complaint for divorce Ethel Clark did not mention any property and did not ask the court to award her any property. John M. Clark did not appear in the divorce suit. At the time of the hearing of the suit for divorce Ethel Clark testified to the question:

"Q. Any property you have has been adjusted between you? A. Yes, sir."

And, further, the decree of divorce entered in the divorce suit did not mention any property or property rights. February 16, 1943, Ethel Clark married a man named Hill and left the state of Idaho.

John M. Clark enlisted in the military service of the United States and in May, 1943, just prior to leaving for the performance of his duties with the military forces, he executed a deed for the conveyance of the property involved in this suit, leaving the names of the grantees blank and then delivered the deed, together with power of attorney, to his brother. In the deed Clark described himself as "a single man". Under authority of these instruments, the brother sold the property to Robert L. Wood for a consideration of $4,000. Wood took possession of the property in the spring of 1943 and has been in possession ever since. Since that time the Woods have made repairs and improvements upon the real property in the sum of approximately $450. January 25, 1947, Robert L. Wood, and his wife, Emmy C. Wood, commenced this suit to quiet title to the real property so conveyed to them.

The complaint is in the usual form. Ethel Hill answered and then cross-complained. She admitted plaintiffs owned an undivided half interest in the property but alleged that she owned an undivided half interest, on the theory she was married to John M. Clark May 7, 1937, and that while she was married to him she and Clark acquired the property in question September 19, 1940, as a result of their joint efforts, and that the property thereby became their community property. She also alleged that February 13, 1943, she procured a divorce from Clark in the District Court of the Third Judicial District of the State of Idaho; that no disposition of the property rights was made in the divorce proceedings; that the conveyance to the respondents executed by John M. Clark, her former husband, in May, 1943, conveyed to respondents only an undivided half interest in the property and that she, therefore, was the owner of an undivided half interest with respondents and prayed that she be adjudged to be the owner of that interest in the property as tenant in common with respondents.

The Woods answered the Hill cross-complaint, denying her claim of ownership of any interest in the property and alleged that Clark purchased the property with funds earned by him while residing in the state of Oregon, and that such funds were Clark's sole and separate property, and further alleged that at the time appellant Hill filed her suit for divorce against Clark there had been an oral property settlement agreement made between him and appellant Ethel Hill, and that Clark had fully carried out his part of the agreement by paying appellant the sum of $600 in cash, together with her attorney fees in the divorce suit and turning over to her some corn raised on the ranch, and that in consideration thereof appellant was to make no claim on the real property involved in the suit or any other property in Clark's possession.

Respondents denied appellant owned any interest in the property and further alleged she was estopped from claiming or asserting any interest therein because of the performance of the oral property settlement agreement and because of her failure to request the court in her divorce suit to dispose of what she claimed was community property. And, further alleged respondents paid $4,000 for the property without actual knowledge of any claim on the part of appellant, and had made certain improvements on the property in excess of $485; that appellant was guilty of laches and unreasonable delay because she had obtained her divorce February 13, 1943, and immediately left the state of Idaho and remarried and established a home outside of the state and never had at any time previous to the time of filing her answer and cross-complaint, claimed any interest in the property and had abandoned what interest she might ever have had in the property; that the property was the sole and separate property

of John M. Clark, having been purchased by him while a resident of the state of Oregon with funds which were his sole and separate property.

For a reversal of the decree quieting title to the property involved in this suit in respondents, appellant primarily relies upon three propositions, first: That the evidence is insufficient to support the findings. We have examined the evidence with great care and fully considered and weighed the same. It is, in our opinion, amply sufficient to support the findings.

Secondly: It is contended the court erred in admitting in evidence the laws of the state of Oregon, over appellant's objection, in that such laws were not pleaded by respondents, and, further, that the statutes provide the exclusive method for proving the statutory and common law of a sister state. It was and is wholly immaterial as to whether, under the laws of Oregon, the earnings of John M. Clark were, or were not, his own separate property, in that it appears from the evidence and the trial court found, the Clarks (shortly after appellant filed her complaint for divorce) orally agreed upon a division of the community property owned by them, and that such agreement was performed. That, in turn, presents the third question as to whether, as contended by appellant, the agreement, being oral, was, and is, void, under the statute of frauds. This court held in Havlick v. Davidson, 15 Idaho 787, 100 P. 91, that: "An oral contract for the conveyance of real property or under which the title thereto is acquired may be enforced and is binding upon the parties thereto, and is not within the statute of frauds, where there is partial or complete performance of the same." See also to the same effect: Willis v. Willis, 33 Idaho 353, 357, 194 P. 470; Bedal v. Johnson, 37 Idaho 359, 375, 218 P. 641; White v. Smith, 43 Idaho 354, 253 P. 849.

It is also contended, however, that "Where no disposition of the community property of husband and wife is had in the divorce proceedings, then they become tenants in common, with no right in either to sell or otherwise dispose of the interest of the other."

It is true there was no disposition of the community property in the divorce suit, the reason therefor being the parties had, following the filing of the complaint, orally agreed upon a division of the property and that the agreement had been performed, as above pointed out.

It is further contended that "Ethel Hill is not estopped by her actions, conduct, statements or silence to assert her interest in and have the court quiet her title to an undivided one-half interest in the real property."

It must be remembered the Clarks orally agreed upon a division of the community property owned by them, and that such agreement was performed. That, of course,

would render appellant's later conduct, statements or silence, immaterial.

It follows from what has been said the decree must be affirmed, and it is so ordered, with costs to respondents.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.