701 P.2d 327

**Robert SCHROEDER, dba Rosedale Realty, Plaintiff-Respondent,**

v.

**Robert I. ROSE and Elaine C. Rose, husband and wife, Defendants-Appellants.**

**No. 15410.**

Court of Appeals of Idaho.

June 4, 1985.

John K. Gatchel, Payette, for defendants-appellants.

Bruce H. Birch, Payette, for plaintiff-respondent.

PER CURIAM.

The question presented is whether a realtor breached a fiduciary obligation to the seller of real property, thereby forfeiting his right to collect a sales commission. The issue was raised by the seller in defense of a suit filed by the realtor to collect the commission. Following a bench trial, the district court entered judgment in favor of the realtor. We vacate the judgment and remand the case.

The seller, Robert Rose (and his spouse), entered into an agreement with the realtor, Robert Schroeder, listing a service station and bulk plant for sale in Payette, Idaho. The agreement provided that if Schroeder found a buyer "ready and willing" to purchase the property on the terms specified, or on "such other terms and price" as the seller might accept, a ten percent commission would be due. The listed selling price was $185,000.

Several months later, the realtor presented an offer from parties named Cecil to buy the property for $175,000. The offer recited that $81,000 would be paid in the form of a real property exchange. The remaining $94,000 purportedly would be paid with ten percent interest over a period of twenty years with payments of $500 per

month during the first two years and $800 per month for eighteen years. The remaining balance would be discharged by a balloon payment at the end of the twenty-year term. The sellers signed the earnest money agreement but subsequently decided not to close the transaction. The realtor sued for his commission plus expenses incurred in reliance upon the signed agreement.

The dispute in this case revolves around the reason the seller decided not to close. The seller testified that the realtor told him the balloon payment would amount to $30,000 and that the earnest money agreement was signed in reliance upon this information. The seller further claims that later the same day, he discovered that the annual payments would not cover the annual interest charged. $500 for twelve months would equal $6,000 in payments, but ten percent of $94,000 would be $9,400 in interest the first year. The interest deficiency would be added each year to the principal until in twenty years, according to the seller, the balloon payment would have exceeded $100,000. The next day, the seller called the realtor, stated that the contract would not pay off and that the monthly payments would have to be increased. The Cecils then offered to pay $1,000 per month but the modified offer was not accepted.[1]

The realtor testified to a different version of the events. He said that the earnest money offer was explained to the seller, including the fact that the payments would not cover the interest charge. The realtor stated that the seller was happy with the agreement, despite the low payments, because the full amount ultimately would be discharged in the balloon payment. However, the realtor said he never calculated the amount of the balloon payment and never represented what it would be. He stated that the amount of the balloon payment was not discussed until the day after the earnest money agreement was signed. However, at another juncture in his testimony the realtor said he told the

seller that the balloon payment could be anywhere from $30,000 to $80,000.

The seller alleged, as an affirmative defense to the suit for a commission, that the realtor breached a fiduciary duty by misrepresenting the amount of the balloon payment. The trial court found that the seller had been advised the payments would not cover the interest charge, but the agreement nevertheless was acceptable to the seller. The court further found that the seller's decision to abandon the transaction was not caused by any representation by the realtor concerning the amount of the balloon payment. Instead, the court found, the seller's decision was due to his realization that part of the property had been promised to a tenant. The court entered judgment for the realtor. This appeal followed.

The seller contends that the trial judge erred by failing to make a finding as to whether the realtor did in fact tell the seller that the balloon payment would be $30,000. When a trial judge sits as the trier of fact, he must make findings of facts and conclusions of law material to his decision. I.R.C.P. 52(a). On a material point, "[t]he absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (emphasis original). In our view, the factual question whether the realtor did, or did not, represent the balloon payment to be $30,000 cannot be disregarded in this case. The importance of the question becomes manifest when the relationship between a realtor's fiduciary duty and right to collect a commission is understood.

A realtor owes a fiduciary obligation to his principal—in this case, the seller. A realtor's fiduciary duty is comprised of the following elements: good faith, integrity, honesty and loyalty as well

---

1. Because the modified offer did not meet the terms outlined in the listing agreement, and was not accepted by the sellers, it forms no basis for the realtor's claim of a commission.

as due care and diligence. *Perkins v. Thorpe,* 106 Idaho 138, 676 P.2d 52 (Ct. App.1984). A realtor must disclose facts within his knowledge material to the transaction which might affect his principal's rights and interests or influence his actions. *Mallory v. Watt,* 100 Idaho 119, 594 P.2d 629 (1979). A realtor's breach of his fiduciary duty may result in the loss of his commission. *Jones v. Maestas,* 108 Idaho 69, 696 P.2d 920 (Ct.App.1985); *Perkins v. Thorpe, supra.*

Therefore, in order for a realtor to recover a commission, it is not sufficient that he merely produce a buyer. Rather, he must perform the fiduciary duty imposed by law with reasonable care and skill. *See Mallory v. Watt, supra; see also Frye v. Levanger,* 76 Idaho 252, 281 P.2d 134 (1955).

Here, the trial judge's findings of fact and conclusions of law reflect a view that any representation by the realtor concerning the balloon payment was immaterial because, even if made, the seller did not rely upon it. This view would be pertinent if the seller were suing the realtor for damages resulting from entering into a bad bargain. But he is not. Rather, this is a lawsuit in which the realtor seeks something from the seller. The realtor has alleged that he performed the acts and duties necessary to earn the commission. Thus, the seller is not using breach of fiduciary duty as a sword; he is using it as a shield. For this purpose, the seller need not prove actual injury or intentional fraud. He need only show that the realtor's breach of fiduciary duty, if it occurred, was substantial and represents the failure of a condition precedent to collecting a commission. *See Rice v. Perl,* 320 N.W.2d 407 (Minn.1982) (attorney fee held forfeited by failing to disclose a material matter).

The realtor claims he had no duty to advise the seller as to matters contained in the earnest money offer itself. Indeed, a properly drafted offer may satisfy the realtor's obligation to disclose all material facts within his knowledge to the principal. *Mallory v. Watt, supra.* But if a realtor is asked to comment upon or explain the offer, he cannot answer negligently. The answer must be based upon reasonable care in ascertaining the facts. PROSSER AND KEETON ON TORTS § 107 at 745 (5th ed. 1984). A misleading or erroneous answer amounts to a misrepresentation; and if it results from a lack of due diligence, it constitutes a breach of fiduciary duty. *See* PROSSER AND KEETON ON TORTS § 106 at 738 (5th ed. 1984). Accordingly, we conclude that the case must be remanded for the trial court to determine whether the amount of the balloon payment was wrongly represented and, if so, whether the misrepresentation was a material breach of the realtor's fiduciary obligation.

The judgment is vacated and the case remanded. Costs to appellants. No attorney fees on appeal.