781 P.2d 238

John E. **CHEN** and Nelcine L. Chen, Plaintiffs–Appellants,

v.

Robert J. **CONWAY,**
Defendant–Respondent.

No. 17735.

Court of Appeals of Idaho.

Oct. 17, 1989.

Richard S. Udell, Udell and Elam, McCall, for plaintiffs-appellants.

Ellison M. Matthews, Boise, for defendant-respondent.

BENGTSON, Judge Pro Tem.

The Chens sued to quiet title to their lot on Payette Lake. Conway, owner of an adjacent lot, pleaded a claim of adverse possession as to a four-foot strip of land along a fence dividing the two lots and also asserted the right to a prescriptive easement in a driveway crossing the Chens' lot, which was used by Conway as ingress and egress to and from his lot. Following a trial to the court, the district judge held that Conway had not established his right to the four-foot strip of land by adverse possession, but concluded that Conway had acquired a prescriptive easement in the driveway. The Chens appeal that portion of the judgment awarding Conway a prescriptive easement in the driveway; Conway has not appealed the denial of his adverse possession claim. For the reasons stated below, we vacate the judgment and remand this case to the district court for findings of fact and conclusions of law on the prescriptive easement issue.

## I

### Standard of Review

"In all actions tried upon the facts without a jury ..., the court shall find the facts specially and state separately its conclusions of law thereon.... Findings of fact shall not be set aside unless clearly erroneous." I.R.C.P. 52(a).

In the case at bar, the trial court failed to make particularized findings of fact as to the elements required to establish the presumption of a prescriptive easement and failed to make particularized findings as to the rebuttal, if any, of that presumption. The ruling of the trial court is as follows:

Now, in regard to the right-of-way, the access road, this has been established as an existing driveway in the particular documents, particularly Exhibit 9. I do think there is no—in fact, I don't even think it's really disputed that the defendant has a prescriptive right to this existing easement over the driveway. I'm certainly going to give him right of access. I think he's been in open and notorious occupation for many years, and I think his predecessors have.

I don't think it would be, under Idaho law, a bit appropriate to make him go to any particular change in his use or driveways, even if it is a very slight cost, which I find is not the case in this particular matter.

So based on this I will find that the land is quiet-titled, subject to the easement of the defendant to the existing driveway.

"The absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (emphasis in original); *Schroeder v. Rose*, 108 Idaho 707, 701 P.2d 327 (Ct.App.1985). Therefore, we will look to the record to determine if there is an obvious answer to the prescriptive easement issue.

## II

### Prescriptive Easements

■ The law in this state regarding prescriptive easements is well settled and was thoroughly summarized in *Melendez v. Hintz*, 111 Idaho 401, 404, 724 P.2d 137, 140 (Ct.App.1986):

A claimant, in order to acquire a prescriptive easement in Idaho, must present reasonably clear and convincing evidence of open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the owner of the servient estate for the prescriptive period. *State ex rel. Haman v. Fox, 100 Idaho 140, 594 P.2d 1093 (1979); West v. Smith, 95 Idaho 550, 511 P.2d 1326 (1973); Kaupp v. City of Hailey, 110 Idaho 337, 715 P.2d 1007 (Ct.App.1986).* The prescriptive period in Idaho is five years. I.C. § 5–203. A prescriptive right cannot be obtained if use of the servient estate is by permission of the owner. *State ex rel. Haman v. Fox, supra.*

.   .   .   .   .   .

The general rule in Idaho is:

[P]roof of open, notorious, continuous, uninterrupted use of the claimed right for the prescriptive period, *without evidence as to how the use began,* raises the presumption that the use was adverse and under a claim of right. The burden is then on the owner of the servient tenement to show that the use was permissive, or by virtue of a license, contract, or agreement. [Quoting *West v. Smith,* 95 Idaho at 557, 511 P.2d at 1333; emphasis added.]

In *Melendez,* we noted that two exceptions have been recognized to the general rule stated in *West.* One of these exceptions is found in *Simmons v. Perkins,* 63 Idaho 136, 144, 118 P.2d 740, 744 (1941). There, the Supreme Court said:

The rule would seem to be that where the owner of real property constructs a way over it for his own use and convenience, the mere use thereof by others which in no way interferes with his use

will be presumed to be by way of license or permission.

*Melendez* goes on to explain this variation in the general rule where a roadway, established and maintained by the owner of the servient tenement, is jointly used by the owner and others:

Understanding the basis for the *Simmons* rule helps to determine the limits of its application. There should be no presumption that the use originated adversely to the owner unless the use itself constitutes some invasion or infringement upon the rights of an owner. Where one person merely uses a roadway in common with his neighbor, without damage to the roadway, without interfering with the neighbor's use of the roadway, and where the neighbor has established and maintained the roadway on his own property for his own purposes, only the most minimal intrusion is made into the owner's dominion over his property. Logically, a use which is not in fact adverse to the owner provides no basis for the presumption that the use is adverse. However, where the use made of the property for the prescriptive period is shown to constitute some infringement or invasion of the owner's rights, it is more appropriate to apply the general rule, presuming the use to be adverse, that is, without permission of the owner.

111 Idaho at 405, 724 P.2d at 141.

The record in the present case clearly establishes that Conway's use of the driveway has been open, notorious, continuous, and uninterrupted for more than the prescriptive period. The record also clearly indicates that, although Chens do not appear to have had knowledge of Conway's use for the requisite prescriptive period, their predecessors in interest certainly did. However, the record in this case is not clear and does not yield obvious answers to the following questions:

1. Was Conway's use of the driveway made under claim of right (i.e., was it hostile)?

2. Was Conways' use of the driveway initiated with the permission of

Chens or their predecessors in interest?

3. If Conway's use was initially permissive, did such use thereafter become adverse (i.e., hostile) and what facts establish that it became adverse?

4. Did Conway jointly use the driveway with Chens or the predecessors in interest of Chens?

5. If there was a joint use, who established and maintained the driveway?

6. If there was such a joint use, did Conway merely use the driveway in common with the Chens or the Chens' predecessors in interest or did such use by Conway constitute some infringement or invasion of the rights of the Chens or of their predecessors in interest?

Findings of facts and conclusions of law regarding these issues are critical to a determination by this Court of whether or not the trial court applied the appropriate law to the facts in reaching its decision that Conway established the right to an easement by prescription.

### III

### Conclusion

■ Where the record is not clear and does not provide obvious answers to the relevant questions, the failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate a reversal of the judgment and a remand for additional findings and conclusions, unless such findings and conclusions would not affect the judgment entered. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982). It is apparent to this Court that findings of fact and conclusions of law as to each of the questions posed above—the answers to which are not obvious from the record—are necessary to a determination of the prescriptive easement issue, and may very well affect the judgment entered.

Therefore, the judgment of the district court granting respondent a prescriptive easement over and across appellants' lot is vacated, and this matter is remanded to the district court to make findings of fact and conclusions of law relevant to each of the foregoing questions. Thereafter a new judgment, consistent with and supported by the court's findings and conclusions, must be entered. Costs to appellants; no attorney fees on appeal.

WALTERS, C.J. and SWANSTROM, J., concur.