829 P.2d 1349

**John E. CHEN and Nelcine L. Chen, Plaintiffs–Appellants,**

v.

**Robert J. CONWAY, Defendant–Respondent.**

No. 19663.

Supreme Court of Idaho,
Boise, February 1992 Term.

April 16, 1992.

Elam, Burke & Boyd, Boise, for plaintiffs-appellants. J. Ray Durtschi argued.

Ellison M. Matthews, Boise, for defendant-respondent.

McDEVITT, Justice.

### Facts

In 1947, Viola Parberry purchased a 7.15 acre parcel of property near Payette Lake. At the time this action arose, the Chens owned a lot ("Lot 7") that was located within the boundaries of Ms. Parberry's parcel. In addition, Conway owned a lot ("Lot 3") that was located within the boundaries of Ms. Parberry's parcel. Lot 7 and Lot 3 are adjoining lots. At the time of Ms. Parberry's purchase, there were no improvements on Lot 7. Also at the time of Ms. Parberry's purchase, another family, the Spellerbergs, owned what is now Lot 3. At the time of Ms. Parberry's purchase, there was a cabin and an outhouse on Lot 3.

Sometime after Ms. Parberry purchased the parcel and before 1965, what is now Lot 7 was leased to Mr. Jack Marshall. Mr. Marshall built cabins on Lot 7. After the lease expired, Ms. Parberry purchased the cabins from Mr. Marshall for the purpose of renting them to vacationers.

In 1965, Conway purchased Lot 3 from the Spellerbergs. The purchase included the cabin and outhouse. At this time, there was a driveway which crossed Lot 7 to Lot 3. Since 1965, the driveway has been used by the Chens and their predecessors-in-interest and by Conway and his predecessors-in-interest.

In 1978, Ms. Parberry sold the entire parcel to a group of real estate developers. The developers resubdivided the parcel and renamed it the "Shady Beach Community." The developers also constructed a new access road which abutted all lots, including Lot 7 and Lot 3.

In 1980, the Chens purchased Lot 7 from the developers. In 1983, the Chens began construction of a summer home on Lot 7. In between these dates, one of the developers approached the Chens about Conway using the driveway until a new driveway could be built for him. The Chens indicated that this would be okay. A new driveway was built to provide respondent with access to his cabin, but he has refused to use it and has continued to use the driveway that crosses Lot 7.

### Prior Proceedings

A. *Chen I* District Court Proceedings.

The Chens began this case by filing a complaint in the Fourth Judicial District of the State of Idaho, in and for the County of Valley, on June 12, 1986. The Chens requested the court to quiet title to Lot 7. After other named defendants were dismissed from this action, Conway, who appeared pro se, filed a response on June 2, 1988. In his response, he asserted a right to use a driveway across the Chens' property.

Trial was held on June 21, 1988. The district court quieted title to the Chens Lot 7 subject to a prescriptive easement in favor of Conway to use the driveway. Thereafter, on July 14, 1988, the Chens moved the court to alter or amend, or, alternatively, a motion to reconsider. After briefing, the motion was denied. The Chens filed a timely notice of appeal from the portion of

the judgment granting respondent a prescriptive easement to use the driveway.

### B. *Chen I* Appeal Proceedings.

The appeal was assigned to the Idaho Court of Appeals, which issued its opinion on October 17, 1989. *Chen v. Conway*, [*Chen I*], 116 Idaho 901, 781 P.2d 238 (Ct.App.1989). In the *Chen I* opinion, the Court of Appeals vacated the judgment of the district court and remanded the case for further proceedings. The Court of Appeals held that the district court, which was sitting without a jury, erred by not making specific findings of fact, as required by I.R.C.P. 52(a), regarding the elements of a prescriptive easement, as enunciated in *Melendez v. Hintz*, 111 Idaho 401, 404, 724 P.2d 137, 140 (Ct.App.1986). The Court of Appeals held that it was clear that "Conway's use of the driveway has been open, notorious, continuous, and uninterrupted for more than the prescriptive period" and that the Chens' predecessors-in-interest had knowledge of Conway's use for the requisite prescriptive period. The Court, however, remanded the case with six questions for the district court to answer. The six questions were:

1. Was Conway's use of the driveway made under a claim of right (*i.e.*, was it hostile)?
2. Was Conway's use of the driveway initiated with the permission of the Chens or their predecessors-in-interest?
3. If Conway's use was initially permissive, did such use thereafter become adverse (*i.e.*, hostile) and what facts establish that it became adverse?
4. Did Conway jointly use the driveway with the Chens or the predecessors-in-interest of the Chens?
5. If there was a joint use, who established and maintained the driveway?
6. If there was a joint use, did Conway merely use the driveway in common with the Chens or the Chens' predecessors-in-interest or did such use by Conway constitute some infringement or invasion of the rights of the Chens or of their predecessors-in-interest?

*Chen I*, 116 Idaho at 903–04, 781 P.2d at 240–41. Since no memorandum of costs on appeal was filed, costs were waived. The remittitur was filed on November 14, 1989.

### C. *Chen II* District Court Proceedings.

After remand and further briefing, the district court filed its memorandum decision on March 30, 1990. The district court found that Conway had met his burden of showing all of the elements of a prescriptive easement and that the Chens had failed to show that Conway's use had been permissive. The court awarded Conway the easement and a permanent injunction prohibiting Chen from interfering with the easement. A judgment to this effect was filed on April 6, 1990. The judgment awarded costs and attorney fees to Conway in the amount of $940.00.

On April 19, 1990, the Chens moved the court to alter or amend the judgment, pursuant to I.R.C.P. 59(e), and an objection to attorney fees. They requested that the judgment be amended to conform with the facts and evidence, or that the easement be confined to that which was exercised during the prescriptive period, or to precisely define its parameters. Along with the motion to alter or amend, the Chens' attorney filed an affidavit objecting to the award of attorney fees. In it, the attorney stated that neither I.C. §§ 12–120 and 121, nor I.R.C.P. 54(d)(1), afforded any grounds for an award of attorney fees to Conway.

The hearing on the motion was held on May 11, 1990. The district court denied the motion, saying that it would not require Conway to survey the property and denying Conway's request for attorney fees for defending the motion. An order to this effect was filed on June 20, 1990.

On August 1, 1990, the Chens filed a notice of appeal pursuant to I.A.R. 11(a)(1) and 11(a)(7). They appealed from the April 6, 1990 judgment and the June 20, 1990 order.

D. *Chen II* Appeal Proceedings.

The appeal was assigned to the Idaho Court of Appeals. The Court of Appeals issued its opinion on July 3, 1991. *Chen v. Conway*, [*Chen II*], 121 Idaho 1006, 829 P.2d 1355 (Ct.App.1991). In *Chen II,* the Court of Appeals reversed the district court, holding that the district court erred in reaching the conclusion that Conway was entitled to the presumption of adverse use against the Chens.

Conway petitioned for rehearing, which was denied on October 4, 1991. On October 23, 1991, pursuant to I.A.R. 118, Conway petitioned this Court for review of the Court of Appeals' opinion in *Chen II.* The petition for review was granted on November 27, 1991.

On appeal, the Chens challenge the following findings of fact:

4. At the time the Parberrys purchased their property in approximately 1947, there was a small cabin and out house situate on the property now known as Defendant Conway's Lot 3.

5. At the time the Parberrys purchased their property in 1947, there was an existing dirt road driveway crossing the southwest corner of Lot 7, which road provided ingress and egress to the cabin situate on the parcel of property now known as Conway's Lot 3. There is no competent evidence before this Court as to who first established the driveway.

6. Conway's predecessors-in-interest used the driveway crossing the southwest corner of Lot 7 as a means of vehicular ingress and egress to the cabin situate on what is now Conway's Lot 3, openly, notoriously and continuously for more than five (5) years prior to the erection of any improvements on what is now Chens' Lot 7.

7. The use of the driveway by Conway's predecessors across Lot 7 constituted the sole and exclusive use of said driveway until improvements were erected on Lot 7 by Parberrys' tenants.

8. Conway's predecessors-in-interest never obtained, sought or were given permission or license from the owners of Chens' Lot 7 to use the driveway across the southwest corner of said Lot 7 as a means of ingress and egress to the cabin and building situate on Conway's Lot 3.

9. Conway's predecessors-in-interest's use of the driveway across the southwest corner of Lot 7 was not only without permission or consent of the owners of the servient estate, but was also under a claim of right.

12. Although there was a joint use of a portion of the driveway across the southwest corner of Lot 7 following the construction of cabins thereon by Parberrys' tenant, the joint use of said driveway by Chens and Chens' predecessors-in-interest constituted a use of only a portion of said driveway; whereas Conway and Conway's predecessors-in-interest used the entire driveway as the only means of vehicular access to the cabin situate on Lot 3.

13. The use of the entire driveway by Conway and Conway's predecessors-in-interest, not being in common with the owners of Lot 7 constituted an actual invasion and infringement of the rights of the owners of Lot 7, *i.e.,* Chens and their predecessors-in-interest.

14. No evidence was presented showing that the Defendant Conway or his predecessors-in-interest sought permission to use the driveway. The only evidence the Court has in this regard is that the predecessor-in-interest of Lot 7 requested the Chens allow Defendant Conway to continue using the driveway.

In addition, the Chens challenge the following conclusions of law:

I

That Defendant/Counterclaimant Conway has met his burden of proof of establishing a prescriptive easement by having presented reasonably clear and convincing proof of an open, notorious and [un]interrupted use under a claim of right with the knowledge of the owners of the servient estate for more than five (5) years.

## II

That Defendant Conway's predecessors-in-interest exclusively and solely used said driveway across the southwest corner of Lot 7 in an open, notorious, and continuous use under a claim of right for more than five (5) years prior to the time that there wa[s] any joint use by the owners of Lot 7.

## III

That although following Defendant's predecessors-in-interest's continuous, open and uninterrupted use of said driveway for more than five years, there was a joint use of said driveway by the parties and their predecessors-in-interest, the use of the entire driveway, was only solely and exclusively used by Defendant and his predecessors-in-interest and such use constituted an infringement and invasion of the rights of the Chens and their predecessors-in-interest, as the owners of Lot 7.

## IV

In view of the prior Findings and Conclusions of this Court, the burden was then on the Plaintiffs Chens, as owners of Lot 7, the servient tenement, to show that the use of Defendant Conway and his predecessors-in-interest was [by] permission, or by virtue of a license, contract or agreement. The record in this case reflects that the Plaintiffs Chens have not met their burden to show that the use was permissive or by virtue of a license, contract or agreement.

Finally, the Chens contend that the district court erred by not applying the "wild, unenclosed, or unimproved land" exception, and by awarding costs and attorney fees to Conway at the conclusion of the *Chen II* district court proceedings. In the event that we remand this case, the Chens request this Court to instruct the district court to define the scope, dimension, route, and course of the easement with precision and particularity.

Conway requests attorney fees on appeal.

## STANDARD OF REVIEW

Before we address the issues, it is necessary to identify and explain our standard of review in this case.

In *Sato v. Schossberger*, 117 Idaho 771, 775, 792 P.2d 336, 340 (1990), this Court set forth our standard of review in cases before us on petitions for review:

> If, as in this case, the issues presented to the Court of Appeals concerned a decision of a district court, we consider the correctness of the district court's decision. While we value the opinion of the Court of Appeals for the insight it gives us in addressing the issues presented on appeal, we do not focus on the opinion of the Court of Appeals, but rather on the decision of the district court.

"Findings of fact shall not be set aside unless clearly erroneous." I.R.C.P. 52(a). Conclusions of law must be "sustained by the facts found." *Willis v. Willis*, 33 Idaho 353, 357–58, 194 P. 470, 472 (1920).

## ANALYSIS

### I.

■■■ We begin with the district court's finding that "[a]t the time the Parberrys purchased their property in 1947, there was an existing dirt road driveway crossing the southwest corner of Lot 7.... There is no competent evidence before this Court as to who first established the driveway." At trial, the attorney for the Chens, pursuant to a pretrial stipulation with Conway, read portions of the deposition of Viola Parberry into the record. Of relevance is the following:

> *Question:* "To recap, as I recall you testified earlier that you had no conversations with Mr. Conway about his use of *the road that Mr. Marshall put in.*"
>
> *Answer:* "I didn't, no."

Tr. p. 114 (emphasis added.)

> *Question:* "And prior to your sale of the property then to Adelaide McLeod and her group, you had no conversations that you can recall with Mr. Conway regarding his use of *the Marshall access?*"

*Answer:* "No."

Tr. p. 115–16 (emphasis added).

The above-quoted questions and answers came into the record without objection. Furthermore, it is undisputed that Conway had no personal knowledge of the property's history prior to his purchase of Lot 3 in approximately 1964. Additionally, there were no predecessors-in-interest of respondent that testified at trial regarding the establishment of the driveway. Thus, this portion of the deposition of Viola Parberry being the only evidence before the district court regarding the establishment of the driveway across Lot 7 onto Lot 3, the above-quoted finding of the district court is clearly erroneous.

In order for a claimant to establish that he [or she] has acquired a private prescriptive easement by adverse use, he must submit "reasonably clear and convincing" proof of open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the owner of the servient tenement, for the prescriptive period.

*West v. Smith,* 95 Idaho 550, 557, 511 P.2d 1326, 1333 (1973) (footnotes omitted).

The district court based its conclusions of law I and IV, which gave to Conway the presumption of adverse use, on a clearly erroneous finding of fact. This Court has articulated exceptions to this presumption. In *Simmons v. Perkins,* 63 Idaho 136, 144, 118 P.2d 740, 744 (1941), we held that "where the owner of real property constructs a way over it for his use and convenience, the mere use thereof by others which in no way interferes with his use will be presumed to be by way of license or permission." Therefore, without the above-quoted finding of the district court, regarding the establishment of the driveway, the *Simmons* exception operates to give appellants the presumption of permissiveness.

We take note of the case *Cardenas v. Kurpjuweit,* 116 Idaho 739, 779 P.2d 414 (1989), wherein the district court concluded that the clear and convincing standard had been met by the party claiming a prescriptive easement to a gravel driveway. The

distinction, however, between *Cardenas* and *Simmons* is found in the following statement by this Court:

We particularly take note of the district court's finding number 28 which recites a *stipulation* of the parties that Kurpjuweit's use (and also the use of Hazel Elliott) was *not under any grant of permission* from the Cardenases.

(Emphasis added.)

Because we hold that the finding of the district court regarding establishment of the driveway was clearly erroneous and that, therefore, the Chens were entitled to the *Simmons* presumption of permissiveness, it is unnecessary to examine the other findings and conclusions.

On remand, if Conway rebuts the *Simmons* presumption of permissiveness, the district court must set forth "with precision and particularity, the origin, course and dimension, on the ground, of the area affected by the easement established, with the right to take further testimony in this respect if deemed necessary." *Sinnett v. Werelus,* 83 Idaho 514, 524, 365 P.2d 952, 957 (1961).

For the foregoing reasons, we reverse the decision of the district court and remand for proceedings consistent with this opinion.

No attorney fees on appeal; costs to the Chens.

BAKES, C.J., BISTLINE, JOHNSON, JJ., and REINHARDT, J. Pro Tem, concur.