715 P.2d 1007

**Richard KAUPP and Barbara Kaupp, Plaintiffs-Appellants,**

v.

**CITY OF HAILEY, Defendant-Respondent.**

No. 16068.

Court of Appeals of Idaho.

March 3, 1986.

Monte R. Whittier, Pocatello, for plaintiffs-appellants.

Michael F. Donovan, Ketchum, for defendant-respondent.

WALTERS, Chief Judge.

Richard and Barbara Kaupp brought suit against the City of Hailey, seeking damages and injunctive relief on allegations of trespass and inverse condemnation, when they learned that sewer and water pipe lines ran beneath their property. In response, the City claimed it had acquired a prescriptive easement for the lines. Both the Kaupps and the City moved for summary judgment under their respective theories of the case. The district court entered summary judgment in favor of the City. On appeal, the Kaupps contend that the district court erred in finding that the presence of a manhole adjacent to the Kaupps' property provided sufficient notice of the City's adverse use of the underground lines. We vacate the judgment and remand for further proceedings.

While performing leveling work on his property in the summer of 1984, Richard Kaupp was informed by a City official that sewer and water lines running beneath his property would be damaged unless the grading work was stopped. The Kaupps were unaware that the lines had been placed upon the property. According to an affidavit filed by the City, the water and sewer lines were buried in the summer or early fall of 1978. The lines were constructed by the previous owners of the property, Brooks Tessier and Don Valentine. The property was conveyed to the Kaupps in February 1983. The affidavit of Richard Kaupp indicated that prior to the purchase of the property, the Kaupps obtained a title report. This report did not disclose the existence of any recorded easement or restriction concerning the service lines and the City has not disputed this fact. Kaupp further stated that there are no markers or other monuments which indicate the existence of the lines beneath the surface of the property.

After hearing, the district court granted summary judgment to the City, finding that the City had acquired a prescriptive easement for the lines. Stating that this was a question of first impression, the court declared the sole issue to be deter-

mined was whether a concealed "pipeline placed under a landowner's property constitutes an open, notorious use." The court acknowledged that other jurisdictions had divided opinions when confronted with the question of whether a buried pipeline constituted an open and notorious use. *See generally* 25 AM.JUR.2d *Easements and Licenses* §§ 60, 61 (1966); Annot., 55 A.L. R.2d 1144, at § 9 (1957). The court found that a manhole situated four feet from the Kaupps' property line, and located in the street, constituted sufficient notice concerning "the existence of an underground common sewer." The court also noted that City employees had used this manhole for servicing the sewer line since 1978. While observing that the element of knowledge is a question of fact, the court held, as a matter of law, that the manhole and its use by city workers "should give notice to the reasonably prudent purchaser [of] the potential for underground sewer lines or put him on inquiry regarding it." Finally, the court determined that the former owners, Tessier and Valentine, possessed actual knowledge of the buried lines.

The Kaupps assert on appeal that the existence of the manhole does not constitute sufficient notice of the City's "open and notorious" use to provide them with knowledge of the City's adverse use. They insist that the questions of (1) open and notorious use and (2) whether they possessed the requisite knowledge of the adverse use, present genuine issues of material fact inappropriate for summary judgment. The City contends that it has met all the elements necessary to establish a prescriptive easement and the Kaupps' suit should now be barred because the action was commenced after the running of the five-year statutory period.[1]

Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a

matter of law. I.R.C.P. 56(c). A motion for summary judgment is granted when, on the basis of evidence before the court, a directed verdict would be warranted or when reasonable persons could not disagree as to the facts. *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 452 P.2d 362 (1969); *Riggs v. Colis*, 107 Idaho 1028, 695 P.2d 413 (Ct.App.1985). That both parties here moved for summary judgment does not in itself establish there is no genuine issue of material fact. *Kromrei v. AID Insurance Co (Mutual)*, 110 Idaho 549, 716 P.2d 1321 (Jan. 29, 1986); *Moss v. Mid-American Fire and Marine Insurance Co.*, 103 Idaho 298, 647 P.2d 754 (1982); *Casey v. Highlands Insurance Co.*, 100 Idaho 505, 600 P.2d 1387 (1979). A party moving for summary judgment concedes that no genuine issue of material fact exists under its theory of the case, but does not necessarily concede that no controverted facts "remain in the event his adversary seeks summary judgment upon different issues or theories." *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 518 n. 1, 650 P.2d 657, 660 n. 1 (1982). "The materiality of a fact is determined by its relationship to legal theories presented by the parties." *Blackmon v. Zufelt*, 108 Idaho 469, 470, 700 P.2d 91, 92 (Ct.App.1985).

To establish a prescriptive easement, the claimant must "submit 'reasonably clear and convincing' proof of open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the owner of the subservient tenement," for the prescriptive period of five years. *Lorang v. Hunt*, 107 Idaho 802, 803, 693 P.2d 448, 449 (1984), *quoting West v. Smith*, 95 Idaho 550, 557, 511 P.2d 1326, 1333 (1973) (footnotes omitted); *Merrill v. Penrod*, 109 Idaho 46, 704 P.2d 950 (Ct.App.1985) *Hall v. Strawn*, 108 Idaho 111, 697 P.2d 451 (Ct.App.1985); I.C. § 5–203. The owner of the servient tenement must have actual or imputed knowledge of the adverse use. *Webster v. Magleby*, 98 Idaho 326, 563 P.2d 50 (1977); *Smith v. Breen*, 26 Wash.App.

---

1. The City of Hailey also maintains on appeal that it should have been granted summary judgment on the Kaupps' claims for trespass and inverse condemnation. Because the district court did not rule on these issues, we decline to address these issues on appeal.

802, 614 P.2d 671 (1980). Specific facts must be presented to prove the elements necessary to establish the prescriptive easement. *See Stecklein v. Montgomery*, 98 Idaho 671, 570 P.2d 1359 (1977). Whether these elements have been established is normally a question of fact. *Smith v. Breen*, 614 P.2d at 673.

■ The purpose of the requirement that prescriptive use be open and notorious is to give the owner of the servient tenement knowledge and opportunity to assert his rights. The open and notorious use must rise to the level reasonably expected to provide notice of the adverse use to a servient landowner maintaining a reasonable degree of supervision over his premises. *See, e.g., City of Montgomery v. Couturier*, 373 So.2d 625 (Ala.1979); *Jones v. Harmon*, 175 Cal.App.2d 869, 1 Cal.Rptr. 192 (1959); *Thompson v. Schuh*, 286 Or. 201, 593 P.2d 1138 (1979); *City of Corpus Christi v. Krause*, 584 S.W.2d 325 (Tex. Civ.App.1979). In respect to underground service lines and facilities, it has been noted:

> Where pipes or other conduits as to which easements are claimed are buried underground and their presence is not physically apparent throughout the prescriptive period, the courts generally conclude that there is insufficient notoriety of the user to permit prescription to run against the servient estate. This result is often reached where there is an absence of substantial evidence that the servient owner had any notice or information of the existence of the facility and its user. However, circumstances sometimes arise such as to give even buried conduits notoriety adequate to base a prescriptive easement. This usually occurs where, even though the pipes themselves are not apparent, there are accessory installations on the surface which are plainly apparent. [Footnotes omitted.]

25 AM.JUR.2d *Easements and Licenses* § 60, at 469 (1966).

Here, the City does not dispute the Kaupps' assertion that they did not have actual knowledge of the sewer and water lines. Instead, the City attempts to demonstrate that the Kaupps possessed constructive notice of the City's adverse use based on the existence of the manhole in the street and on the use of this manhole by city employees to service the sewer line. Thus, the question here is whether the manhole and the occasional presence of city workers were sufficient indicies of open and notorious use to impute, as a matter of law, that the Kaupps should have known of the City's pipelines.

Imputed or constructive knowledge is the law's substitute for actual knowledge. It is a legally postulated notice of facts not otherwise perceived and recognized. Such notice may arise from official records and other documents by which a person is legally bound, from communications to an agent or predecessor in interest, or from knowledge of certain facts which should impart notice of the ultimate fact in issue. It is this third means of invoking constructive knowledge which concerns us here. In such situations, extemporaneous facts which are sufficient to lead a reasonably prudent person upon an inquiry of a possible conflicting interest, will be treated as providing constructive notice. *See* 58 AM. JUR.2d *Notice* §§ 2–11 (1971). This is also in accord with the open-and-notorious element of prescriptive easement. RESTATEMENT OF PROPERTY § 458 comments *h*, *i* and accompanying illustrations (1944). When a property owner possesses knowledge of extemporaneous facts which would reasonably indicate the possibility of an adverse use on the property, the owner is required to investigate. Annot., 55 A.L. R.2d 1144 (1951) and cases cited therein.

■ As previously mentioned, proof of the Kaupps' knowledge is necessary to establish a prescriptive easement. The court found the presence of a manhole in a city street and the occasional use of this manhole were sufficient to impute knowledge to the landowner of a concealed pipeline buried under the property. We disagree. We believe the mere existence of the manhole does not create a duty to inquire.

Cases in which the circumstantial facts prompted the inquiry duty, typically include situations where indicies of the buried lines were readily apparent upon the property in question. (*E.g.*, line markers and stakes, above ground fixtures and controls, and exposed lines themselves.) Accordingly, no prescriptive easement has been established.

This case also raises another issue which should be considered on remand. No prescriptive easement can be acquired if the use, instead of being adverse, is with the permission of the subservient landowner. *Lorang*, 107 Idaho at 803, 693 P.2d at 449; *Merrill v. Penrod*, 109 Idaho at 51, 704 P.2d at 955. The dominant landowner is aided by a presumption: "proof of open, notorious, continuous, uninterrupted use of the claimed right for the prescriptive period, without evidence as to how the use began, raises the presumption that the use was adverse [as opposed to permissive] and under a claim of right." *Lorang*, 107 Idaho at 803, 693 P.2d at 449, *quoting West v. Smith*, 95 Idaho at 557, 511 P.2d at 1333 (footnote omitted); *Merrill*, 109 Idaho at 51, 704 P.2d at 955. This presumption is of no avail to the City in this case because the City's affidavit reveals "how the use began." It states that the former owners of the property constructed the lines in 1978. As such, the City has not shown that its use of the sewer and water lines was adverse to the interests of the prior owners. Arguably, the lines were installed for the specific purpose of permitting the City to use the lines as conduits to transport water and sewage. If so, then the City's use of the lines could have resulted from an express or implied license granted by Tessier and Valentine when the lines were installed.

As we recently indicated in *Bob Daniels and Sons v. Weaver*, 106 Idaho 535, 681 P.2d 1010 (Ct.App.1984), an easement established by unwritten agreement is merely a license, revocable by the licensor. *See also Howes v. Barmon*, 11 Idaho 64, 81 P. 48 (1905). Consequently, only upon the Kaupps revocation of the license or upon the City's notice to the Kaupps of its hostile claim of right, would adverse use begin the statutory prescription period. *Webster v. Magleby*, 98 Idaho at 327, 563 P.2d at 51. Other than the filing of the instant suit for trespass and inverse condemnation by the Kaupps, there is no evidence in this case that any license given to the City was ever revoked or that the City notified the Kaupps of its claim. However, this Court has also recognized that a license may be irrevocable for an extended duration to allow a licensee "who had made expenditures of capital or labor in the exercise of his license in reasonable reliance upon representations by the licensor as to the duration of the license," to realize the value of his expenditures. *Eliopulos v. Kondo Farms, Inc.*, 102 Idaho 915, 918, 643 P.2d 1085, 1088 (Ct.App.1982), *quoting* RESTATEMENT OF PROPERTY § 519(4) (1944). At this juncture in the case, the City has not shown it relied on any representations made by the previous owners nor has it shown the amount of expenditures dedicated to any purported license.

The summary judgment is vacated and the case is remanded for further proceedings. Costs to the Kaupps and no attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.