724 P.2d 137

**Michael G. MELENDEZ and Kathryn M. Melendez, Plaintiffs-Respondents,**

**v.**

**James A. HINTZ, Defendant-Appellant.**

**No. 15826.**

Court of Appeals of Idaho.

July 31, 1986.

William H. McAdam, Jr., Sandpoint, for defendant-appellant.

John Ford Elsaesser, Jr., Sandpoint, for plaintiffs-respondents.

SWANSTROM, Justice.

Michael and Kathryn Melendez brought this action against their neighbor James Hintz after Hintz blocked a driveway on his property which the Melendezes or their predecessors had used for twenty years. The Melendezes claimed they had acquired a prescriptive easement by adverse use of the driveway. The district court agreed. Hintz has appealed. Upon a record of undisputed facts we are asked to decide whether, as a matter of law, the Melendezes' use of the driveway was adverse to Hintz or permissive. Holding that the use was adverse, we affirm.

The properties involved are shown in the following illustrative sketch. The easement granted by the district court is the "Y" shaped shaded area.

Hintz did not acquire his property until 1981. What we refer to as Hintz's home and driveway were constructed by a predecessor on Lot 16 prior to August 1962. His driveway leaves a county road on the east end of his lot, angles to the north boundary and follows the north side of the lot to his home at the west end of his lot.

The Melendezes' home was constructed by their predecessors in 1963 on Lot 17 lying north of Lot 16. A platted county road running north along the east ends of several lots dead ends against the south line of Lot 17. While the facts are not clear on this point, testimony indicates that the road was not well-established on its northern end. For a time during construction of the Melendez home there was a direct access to Lot 17 from the platted right-of-way. Then a county official who owned property on the east side of the roadway claimed ownership of part of the right-of-way and erect-ed a barrier, preventing further use of that route. Melendezes' predecessors then be-gan using a part of the Hintz driveway for access to Lot 17. They added a new sec-tion of driveway, branching off from the Hintz driveway, yet still on the Hintz prop-erty, to reach Lot 17. They constructed a loop drive on their lot which connected with the Hintz driveway at two different places. Thus, the Melendezes' predecessors began using a "Y" shaped section of driveway on Lot 16. The lower stem and left branch of the "Y" they used jointly with Hintz's predecessor. The right branch has not been used by Hintz or his predecessor. The owners of Lot 17 used the driveway continuously since 1963 as did the Melen-dezes after they purchased Lot 17 in 1982. The use was not disputed until 1983 when Hintz decided that he no longer wanted the Melendezes to use the driveway across his property.

A claimant, in order to acquire a prescriptive easement in Idaho, must present reasonably clear and convincing evidence of open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the owner of the servient estate for the prescriptive period. *State ex rel. Haman v. Fox,* 100 Idaho 140, 594 P.2d 1093 (1979); *West v. Smith,* 95 Idaho 550, 511 P.2d 1326 (1973); *Kaupp v. City of Hailey,* 110 Idaho 337, 715 P.2d 1007 (Ct. App.1986). The prescriptive period in Idaho is five years. I.C. § 5–203. A prescriptive right cannot be obtained if use of the servient estate is by permission of the owner. *State ex rel. Haman v. Fox,* supra.

Here, there was no evidence of how the use began, other than what we have summarized. At the time of trial, the persons who built the Melendez home were deceased. Two witnesses who testified by depositions had no personal knowledge about whether the initial use of the Hintz driveway by the owners of Lot 17 was permissive or not. The general rule in Idaho is:

> [P]roof of open, notorious, continuous, uninterrupted use of the claimed right for the prescriptive period, without evidence as to how the use began, raises the presumption that the use was adverse and under a claim of right. The burden is then on the owner of the servient tenement to show that the use was permissive, or by virtue of a license, contract, or agreement. [Footnotes omitted.]

*West v. Smith,* 95 Idaho at 557, 511 P.2d at 1333. This rule has been repeatedly upheld. *Gibbens v. Weisshaupt,* 98 Idaho 633, 570 P.2d 870 (1977); *Kaupp v. City of Hailey, supra.* One exception to this rule—not applicable here—occurs when the servient land is wild, unenclosed, or unimproved. Then the presumption is that the use was permissive. *West v. Smith,* supra. *See e.g. Christle v. Scott,* 110 Idaho 829, 718 P.2d 1267 (Ct.App.1986). Our Supreme Court has also recognized that the general rule has another exception which is applicable in the absence of evidence as to whether the use began adversely or with permission of the servient owner. In *Simmons v. Perkins,* 63 Idaho 136, 144, 118 P.2d 740, 744 (1941) the Court said:

> The rule would seem to be that where the owner of real property constructs a way over it for his own use and convenience, the mere use thereof by others which in no way interferes with his use will be presumed to be by way of license or permission. *Harkness v. Woodmansee,* 7 Utah 227, 26 Pac. 291; *Howard v. Wright,* 38 Nev. 25, 143 Pac. 1184; [additional citations omitted].

Other states which currently recognize this rule include Colorado, Nevada, Oregon, and Utah. *See, e.g., Allen v. First National Bank of Arvada,* 120 Colo. 275, 208 P.2d 935 (1949); *Westland Nursing Home, Inc. v. Benson,* 33 Colo.App. 245, 517 P.2d 862 (1974); *Jackson v. Hicks,* 95 Nev. 826, 604 P.2d 105 (1979); *Woods v. Hart,* 254 Or. 434, 458 P.2d 945 (1969); and *Zollinger v. Frank,* 110 Utah 514, 175 P.2d 714 (1946). *See also* Annot. 170 A.L.R. 776, at 825. In *Jackson v. Hicks,* 604 P.2d at 106, the Nevada Supreme Court, quoting from *Turrillas v. Quilici,* 72 Nev. 289, 303 P.2d 1002 (1956), stated the rule as follows:

> Where a roadway is established or maintained by a landowner for his own use, the fact that his neighbor also makes use of it, under circumstances which in no way interfere with use by the landowner himself, does not create a presumption of adverseness. The presumption is that the neighbor's use is not adverse but is permissive and the result of neighborly accommodation on the part of the landowner.

Hintz argues that the driveway was established by the former owner of Lot 16; that the driveway was jointly used by the owners of Lots 16 and 17; and therefore it should be presumed that use of the driveway by Melendezes' predecessors was with permission of the owner of Lot 16. The Melendezes argue that the *Simmons* rule or exception is no longer favored in Idaho.

They point particularly to our Supreme Court's opinion in *West v. Smith, supra,* where *Simmons* was mentioned at 95 Idaho at 557 n. 28, 511 P.2d 518 n. 28. However, *West v. Smith* was not a "joint use" case, and the Supreme Court did not there in any way address the joint use exception stated in *Simmons.* The Supreme Court disavowed only the language in *Simmons* which suggested that proving an owner of the servient property "acquiesced" in the use of his property by another was equivalent to proof that the owner had given his consent or permission. The Court in *West* said that proving "mere inaction and passive acquiescence" is not sufficient to establish that the use "was with the permission of the owner of the servient estate." *Id. Accord, Feldman v. Knapp,* 196 Or. 453, 250 P.2d 92 (1952).

Before *West* was decided the Idaho Supreme Court had one occasion to again recognize and apply the *Simmons* rule. *See Cusic v. Givens,* 70 Idaho 229, 231, 215 P.2d 297, 298 (1950). No reported Idaho cases since *Simmons* give any indication that the Idaho Supreme Court has disavowed, or would disavow, the "joint use" rule recognized in *Simmons.* Although *Simmons* has often been cited for other principles we can find no other case where its joint use rule has been applicable.[1]

■ To establish a prescriptive right in a roadway it is essential that the use of the way must constitute some actual invasion or infringement of the right of the owner. *Cox v. Cox,* 84 Idaho 513, 373 P.2d 929 (1962); *Simmons v. Perkins, supra.* If the use is with permission of the owner of the property no invasion or infringement of the owner's rights occurs. Adverse use is some actual invasion or infringement that is made without permission of the owner. As we have noted, mere

proof that the owner "acquiesced" in the use is not proof that the use was with the owner's consent or permission. *West v. Smith, supra.*

■ Understanding the basis for the *Simmons* rule helps to determine the limits of its application. There should be no presumption that the use originated adversely to the owner unless the use itself constitutes some invasion or infringement upon the rights of an owner. Where one person merely uses a roadway in common with his neighbor, without damage to the roadway, without interfering with the neighbor's use of the roadway, and where the neighbor has established and maintained the roadway on his own property for his own purposes, only the most minimal intrusion is made into the owner's dominion over his property. Logically, a use which is not in fact adverse to the owner provides no basis for the presumption that the use is adverse. However, where the use made of the property for the prescriptive period is shown to constitute some infringement or invasion of the owner's rights, it is more appropriate to apply the general rule, presuming the use to be adverse, that is, without permission of the owner.

Here, the trial judge found that the Melendezes' predecessors created their own driveway system which branches off the Hintz driveway and serves as access to Lot 17. Their usage of this added portion of the driveway, on Lot 16, is not in common with the owners of Lot 16. The court concluded that the creation and maintaining of this portion of the driveway serving only Lot 17 constitutes an actual invasion or infringement on the rights of the owner of Lot 16. We agree. *See Feldman v. Knapp, supra.* This branch was an additional burden on the Hintz property which had no benefit to Hintz. In effect, the

1. *Sinnett v. Werelus,* 83 Idaho 514, 365 P.2d 952 (1961), was a case involving a claimed prescriptive easement in a driveway used by two neighbors. The Court discussed the general rule presuming the origin of the use to be adverse. *Simmons* is not mentioned. However, *Sinnett* is in a different category of joint use cases. There two owners jointly constructed and used a driveway which straddled their common boundary. The Court held that after mutual use of the common driveway for the prescriptive period neither owner can obstruct or close the part which is on his land. Mutual use of the whole of the way will be considered adverse to a separate or exclusive use by either owner.

Melendezes' predecessors appropriated this part of the Hintz property for their own purposes.

■ Moreover, there is evidence that such infringement occurred at the outset, when the Melendezes' predecessors first began using part of the Hintz driveway. Therefore, we believe the district judge was correct in applying the general rule presuming that when this use originated it was adverse to the owners of Lot 16. We also agree that such adverse use extends to all parts of the driveway on Lot 16 which have been used in common by the parties.

Hintz also challenges the scope of the prescriptive easement. As we have noted, the circular driveway on the Melendez lot connects with the two prongs of the "Y" on the Hintz lot. Hintz argues that if an easement by prescription has been established it should be limited to one prong of the "Y" only. He contends that because the Melendezes can have full access to their property over the prong nearest to the county road there is no "necessity" for the circular drive.

■ It has been said that prescription acts as a penalty against a landowner and thus the rights obtained by prescription should be closely scrutinized and limited by the courts. *Gibbens v. Weisshaupt,* 98 Idaho 633, 570 P.2d 870. Neverthe-

less, the extent of a prescriptive easement is determined not by what is strictly necessary but by the use made during the prescriptive period. *Id.* Here, the district judge found that both prongs of the driveway had been regularly used as the sole vehicular access to the Melendez home since 1963. He found that this use was open, notorious, continuous and uninterrupted for more than the prescriptive period. Therefore, the Melendezes were entitled to the presumption that such use was adverse. Hintz then had at least the burden to "burst the bubble" [2] of this presumption by producing some evidence "to show that the use was permissive, or by virtue of a license, contract or agreement." *West v. Smith,* 95 Idaho at 557, 511 P.2d at 1333. He produced no such evidence.

Accordingly, the judgment of the district court was correct and is affirmed. Costs to respondents Melendezes. No attorney fees are awarded on appeal.

WALTERS, C.J., and BURNETT, J., concur.

2. For a thorough and informative explanation of the nature and use of presumptions in Idaho, see *Bongiovi v. Jamison,* 110 Idaho 734, 718 P.2d 1172 (1986).