816 P.2d 320

Heinrich J. HANF and M. Helen Hanf, husband and wife, Plaintiff-appellants,

v.

SYRINGA REALTY, INC., an Idaho corporation, Defendant-respondent,

and

Jackson R. Miller and Naida L. Miller, husband and wife; Kaniksu Enterprises, Inc., an Idaho corporation, dba Bob Dow Insurance Agency, Defendants.

Heinrich J. HANF and M. Helen Hanf, husband and wife, Plaintiff-respondents,

v.

Jackson R. MILLER and Naida L. Miller, husband and wife; Syringa Realty, Inc., an Idaho corporation, Defendants,

and

Kaniksu Enterprises, Inc., an Idaho corporation, dba Bob Dow Insurance Agency, Defendant-appellant.

Nos. 18549, 18654.

Supreme Court of Idaho, Coeur d'Alene, April 1991 Term.

Aug. 6, 1991.

Fred R. Palmer, Sandpoint, for plaintiff-appellants Hanfs.

Cooke, Lamanna, Smith & Cogswell, Priest River, for defendant-appellant Kaniksu. Thomas E. Cooke, argued.

Jonathan W. Cottrell, Sandpoint, for defendant-respondent Syringa Realty.

BAKES, Chief Justice.

Defendants Naida and Jackson Miller sold certain real property to plaintiffs Heinrich and Helen Hanf, who believed the property could be re-zoned for commercial use. Defendant Syringa Realty, Inc. (Syringa), was the listing broker, and defendant Kaniksu, Inc. (Kaniksu), was the selling agent. When the Hanfs' application for a zone change was denied, the Hanfs brought suit against the Millers, Kaniksu and Syringa, seeking rescission or reformation of the real estate contract and damages. The trial court granted the Millers' (sellers) and Syringa's (listing broker) motions for summary judgment and awarded them both attorney fees and costs. The trial court granted partial summary judgment to Kaniksu (selling broker), reserving for trial the issue of professional malpractice. The jury found in favor of the Hanfs on the remaining count of professional malpractice against Kaniksu, Inc. Kaniksu appeals this decision and from the denial of its post trial motions, and the Hanfs appeal the award of attorney fees and costs granted to the Millers and Syringa Realty. The two appeals were consolidated.

In May, 1985, Jackson and Naida Miller decided to sell five acres [1] of property they owned on Highway 2 in Bonner County, Idaho, and signed a listing agreement with Syringa Realty, Inc. The listing agreement authorized Syringa to secure the cooperation of any other broker in procuring the sale of the property. Syringa then entered the property into a multiple listing service in Bonner County. The "for sale" sign on the property read, "FOR SALE—5 ACRES—COMMERCIAL—TERMS—SYRINGA REALTY."

Heinrich and Helen Hanf own a power equipment sales and service business in Priest River. They wanted to relocate their business to a location with better traffic, and when they discovered that the Miller property was for sale they contacted Don Gray, an agent for Kaniksu Enterprises, Inc. (Kaniksu), who helped them negotiate the purchase of the property. Through Gray, the Hanfs made two offers and eventually purchased the property on July 31, 1985, for $80,000, paying $10,000 down. The Millers paid the real estate commission, which Syringa and Kaniksu split.

At the time the property was for sale it was zoned for agricultural use. The Hanfs, however, purchased the property believing it could be rezoned for commercial use. The Hanfs claim that Gray told them it would be no problem to rezone the property for commercial use and, based upon his assurance that they could do so, plus their own knowledge of the area, they purchased the property. However, when they applied to the Bonner County Planning & Zoning Commission for a zone change, their application was denied. Neither the Hanfs nor Gray checked with the zoning commission before the property was

1. The property is variously described in the court's findings as five acres and eleven acres.

purchased to see if a rezone was possible. Gray testified that he had discussed the possibility of a zone change with the Syringa agent, but Syringa denies it had any knowledge of the Hanfs' plans for the property.

The Hanfs brought suit on November 13, 1986, against the Millers, Syringa Realty and Kaniksu, seeking rescission of the sale contract against the Millers and compensatory and punitive damages against the two real estate agencies. The Millers filed a counterclaim against the Hanfs for judicial foreclosure on the deed of trust and for a deficiency judgment. All three defendants filed motions for summary judgment against the Hanfs. Before filing for summary judgment, Syringa offered to accept a dismissal of the Hanf suit, with each party bearing its own costs and attorney fees. The Hanfs rejected this offer and filed an amended complaint adding allegations that Syringa had acted negligently in listing and selling the property and that Don Gray had acted as Syringa's sub-agent.

On December 30, 1987, the district court granted the Millers' motion for summary judgment on all counts of the Hanfs' complaint. The district court also granted partial summary judgment to Kaniksu, dismissing all counts except the count alleging professional malpractice. In the professional malpractice claim, the Hanfs claimed that Kaniksu was negligent for failing to include an "escape clause" in the earnest money agreement which would have allowed the Hanfs to withdraw from the transaction if the rezoning application was denied.

On December 23, 1988, the district court also granted Syringa's motion for summary judgment on all counts. The district court held that Syringa owed no fiduciary duty to the Hanfs, that Kaniksu's agent Gray was not Syringa's sub-agent and therefore Syringa could not be liable on the Hanfs' malpractice claim against Kaniksu. In its holding, the district court rejected the "dual duty" rule adopted by the Wyoming Supreme Court in *Walter v. Moore*, 700 P.2d 1219 (Wyo.1985), but instead followed the Colorado case of *Stortroen v. Beneficial Finance Co.*, 736 P.2d 391 (Colo.1987), and held that Gray, as a real estate agent for Kaniksu, could not owe a duty to both the Millers and the Hanfs. The court also held that, although the commission was split between Kaniksu and Syringa, it was a matter of professional courtesy and not pursuant to a joint agency or multiple listing agency agreement. The court concluded that Syringa was entitled to attorney fees since no facts existed to support the Hanfs' claim against Syringa that it was bound through agency to the actions of Kaniksu.

On January 12, 1989, the remaining professional malpractice count against Kaniksu was tried before an advisory jury, which rendered a special verdict which found Kaniksu negligent, but never addressed the issue of damages. On December 23, 1989, the district court entered findings of fact and conclusions of law based upon the jury's advisory verdict, holding that Don Gray, acting as a salesman for Kaniksu, was negligent in breaching several duties owed to the Hanfs, and entered a partial judgment in the case against Kaniksu for the $10,000 down payment, $9,447.60 in escrow payments, and "prejudgment interest" of $9,628.13, for a total partial judgment of $29,075.73.[2] Further, the court

---

**2.** In addition to entering a partial judgment of $29,075.73, the trial court ordered Kaniksu to indemnify the Hanfs "for any claims Millers have against Hanfs arising from Hanfs' default on the promissory note." The trial court had granted a judgment of foreclosure to the Millers on their counterclaim against the Hanfs for judicial foreclosure of the deed of trust, and for any deficiency judgment to which the Millers might be entitled. Since the foreclosure sale and deficiency determination had not occurred at the time, the court entered its partial judgment against Kaniksu for the $10,000 down payment which the Hanfs had made on the Miller contract, the $9,447.60 which they had made in escrow payments, and interest of $9,628.13 on those two amounts. The trial court certified this partial judgment as final under Rule 54(b). However, the ultimate final judgment which will be entered against Kaniksu in favor of the Hanfs will be unknown until the conclusion of the foreclosure of the deed of trust by the Millers against the Hanfs. Under the trial court's December 28, 1989, conclusions of law, Kaniksu will be required to indemnify

found that the Millers were entitled to foreclose on the deed of trust and were entitled to attorney fees.

■ The trial court's partial judgment included an item of $9,728.13 for what the trial court referred to as "prejudgment interest," apparently concluding that the Hanfs were damaged by that amount based upon the $10,000 down payment and $9,447.60 in escrow payments which they had made, and which the trial court ordered Kaniksu to repay Hanfs by its partial judgment. Appellant Kaniksu does not contest the entire award of interest, but only that portion from January 12, 1989, the date the jury returned its advisory verdict of negligence, until January 12, 1990, the date when the judgment was finally entered, because that unexplained delay of a year was caused by the trial court's neglect, and not for any fault of Kaniksu. Appellant argues that the one-year delay "caused additional interest to accrue in the sum of $2,139.23 against Kaniksu, which is totally unjustified and should not have been allowed as a matter of equity." However, we conclude that the trial court did not err in awarding the $2,139.23 interest for the period between January 12, 1989, the date of the jury's verdict, and January 12, 1990, the entry of the trial court's partial judgment.

In the partial judgment entered by the trial court, and certified under Rule 54(b), the damage items were computed on the basis that because of Kaniksu's negligence the Hanfs were not able to withdraw from the contract with the Millers and obtain the return of their $10,000 down payment, their $9,447.60 in escrow payments, together with interest on that amount. *See* I.C. § 28–22–104(2) ("money after the same becomes due"). The trial court apparently concluded that, absent Kaniksu's negligence, the Hanfs would have been able to recover from the Millers the amount of money which they paid on the contract, together with interest, and therefore that interest was includable within the damages

suffered by the Hanfs as the result of Kaniksu's negligence. As we said in *Davis v. Professional Business Services, Inc.,* 109 Idaho 810, 712 P.2d 511 (1985), relied upon by the trial court, "All things considered, we view the trial court's characterization of plaintiff's claim [for prejudgment interest] as one sounding in contract," because it is based upon the contract type damages which the Hanfs were seeking to recover from the Millers, for which the defendant Kaniksu became liable because of its negligence. *See* I.C. § 28–22–104(2). *Cf. Stoor's, Inc. v. Idaho Dept. of Parks & Recreation,* 119 Idaho 83, 803 P.2d 989 (1990). Our cases make clear that "where the amount of liability is liquidated or capable of ascertainment by mere mathematical process ... this Court has allowed interest from a time prior to judgment, for in that event the interest in fully compensating the injured party predominates over other equitable considerations." *Davis v. Professional Business Services,* 109 Idaho 810, 817, 712 P.2d 511, 518 (1985), *quoting United States Fidelity & Guaranty Co. v. Clover Creek Cattle Co.,* 92 Idaho 889, 900, 452 P.2d 993, 1004 (1969). Here, as the trial court found, the amount which Hanfs had paid on the escrowed contract was liquidated and "reasonably certain" in amount "by simple computation," *i.e.,* $10,-000 down payment, and fifteen monthly payments of $629.84, for a total of $9,447.60 in escrow payments. Only the question of Kaniksu's liability to reimburse Hanfs for those amounts was at issue, and that liability issue was resolved in favor of Hanfs and against Kaniksu. The jury's January 12, 1989, verdict was advisory only, and the trial court thereafter had to make findings of fact and conclusions of law which were filed on December 28, 1989. While the record does not explain the delay in the entry of the final findings and conclusions, there is nothing in the record to justify the conclusion that the one-year delay in entering judgment after the jury's verdict was caused by the Hanfs, and therefore we conclude that there was no

the Hanfs for any deficiency owed to the Millers on their foreclosure on the property. Those foreclosure proceedings had not occurred at the

time the appeal was filed in this case, and therefore are not part of the record before the Court in this case.

basis for claiming that the amount of interest awarded by the trial court should be reduced by $2,139.23, the amount of interest attributable to the period between January 12, 1989, and January 12, 1990, as Kaniksu asserts in its brief on appeal.

■■■ Kaniksu also filed a motion for a new trial based on its assertion that the Bonner County zoning ordinance under which the county denied the Hanfs' application for rezoning was invalid. The district court denied the motion. Kaniksu appeals from the district court's denial of its motion for new trial. The Hanfs have cross-appealed from the district court order awarding the Millers and Syringa attorney fees and costs.

Kaniksu argues that the trial court erred in denying its motion for new trial. Kaniksu's motion for new trial was predicated on I.R.C.P. 59(a)(4), (6) and (7).[3] With respect to Section 4, the trial court denied Kaniksu's motion on the basis that the facts alleged in the Chapin affidavit did not constitute newly discovered evidence. Regarding Sections 6 and 7, the trial court denied Kaniksu's motion both because the motion did not assert sufficient grounds under subsections (6) and (7), and because the trial court was not convinced that the ordinance in question was in fact shown to be invalid. We affirm the trial court.

Orders granting or denying new trials are within the sound discretion of the trial court, and such orders will not be reversed absent an abuse of discretion. *Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986); *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 518 P.2d 1194 (1974). To obtain a new trial on the ground of newly discovered evidence, it must be shown that: (1) the evidence is such as will probably change the result if a new trial is granted; (2) it has been discovered since the trial; (3) it could not have been discovered before the

trial by the exercise of due diligence; (4) it is material to the issues; and (5) it is not merely cumulative or impeaching. *Craig H. Hisaw, Inc. v. Bishop*, 95 Idaho 145, 148, 504 P.2d 818, 821 (1972), *quoting Livestock Credit Corp. v. Corbett*, 53 Idaho 190, 198, 22 P.2d 874, 877 (1933).

The Chapin affidavit, which purports to question the validity of the zoning ordinance, raises a legal issue that could have been discovered with reasonable diligence prior to the end of trial. The trial court held that the claimed evidence of invalidity of the ordinance was not newly discovered evidence. Nevertheless, Kaniksu maintains that while that information could have been discovered at the time of trial, it had no reason or duty to question an ordinance whose validity was assumed by all parties, and therefore had no duty to discover such information. The trial court found this analysis unpersuasive. Kaniksu's demand for a new trial was based on the underlying premise that the Hanfs' damages were caused by the county's wrongful denial of the rezoning request, and not because of its failure to include an escape clause in the earnest agreement. The trial court held that that was an issue which could have and should have been raised at trial. We agree. Thus, the trial court did not err in concluding that Kaniksu did not establish by the Chapin affidavit grounds for a new trial under Rule 59(a)(4). Furthermore, assuming the ordinance was invalid, as Kaniksu suggests, the jury was entitled to conclude that Kaniksu's negligence was a proximate cause of the Hanfs' damages because Kaniksu did not protect its clients, the Hanfs, with an escape clause. There legally can be more than one proximate cause contributing to a party's damages. *Formont v. Kircher*, 91 Idaho 290, 420 P.2d 661 (1966). Accordingly, we find no basis for reversing the trial court's

---

3. **Rule 59(a). New trial—Amendment of judgment—Grounds.**—A new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons:

. . . .

4. Newly discovered evidence, material for the party making the application, which he could

not, with reasonable diligence, have discovered and produced at the trial.

. . . .

6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

7. Error in law, occurring at the trial. . . .

order denying a new trial pursuant to Rule 59(a)(4). *Craig H. Hisaw, Inc. v. Bishop*, 95 Idaho 145, 504 P.2d 818 (1972).

With respect to Kaniksu's motions pursuant to Rule 59(a)(6) and (7), the trial court was not convinced that the Chapin affidavit established any "insufficiency of the evidence to justify the verdict," or "error in law occurring at the trial." The jury and court were apparently convinced that Kaniksu was negligent for failure to include an escape clause in the earnest money agreement, which negligence was a proximate cause of the damage to the Hanfs. That evidence was sufficient to justify the verdict, and there was no error in law in the trial court's failure to discern at trial the invalidity of the ordinance when that issue was not even raised by the appellants at trial. Accordingly, the trial court did not err in denying Kaniksu's motion for new trial pursuant to Rule 59(a)(6) and (7).

We next consider the Hanfs' claim that the trial court erred in awarding attorney fees incurred by Syringa in defending the action against the Hanfs.[4] The trial court awarded Syringa attorney fees primarily on the basis that the Hanfs' Idaho Consumer Protection Act claims and its sub-agency-based claims were not "well grounded in fact," citing I.R.C.P. 11(a)(1) and I.C. § 12–123 to support its decision.

■ First, regarding the propriety of awarding attorney fees as sanctions under I.R.C.P. 11(a)(1), the question a trial court must ask when considering sanctions under this rule is whether the Hanfs "made a proper investigation upon reasonable inquiry" into the facts and legal theories supportive of their claims. *Durrant v. Christensen*, 117 Idaho 70, 74, 785 P.2d 634, 638 (1990); *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991). In the *Sun Valley* case, this Court discussed the factors a trial court must consider when imposing sanctions under Rule 11 and contrasted those with the factors relevant to an award of attorney fees pursuant to I.C. § 12–121. In *Sun Valley*, we reversed the trial court's imposition of Rule 11 sanctions because the court had not focused on the

requirement that the parties make "a proper investigation upon reasonable inquiry," but rather, imposed sanctions because the plaintiffs' claims were not well grounded in fact.

In this case, the trial court made the same inadequate Rule 11 analysis as in the *Sun Valley* case. The trial court stated:

> After considering the rationale for granting summary judgment in favor of Syringa Realty, Inc., the Court concludes that Hanfs' claim that Syringa Realty violated the Idaho Consumer Protection Act and was not well grounded in fact.... The court further concludes that Hanf's claim that Don Gray was a sub-agent of Syringa Realty was not well grounded in fact because no facts exist to support such claim of sub-agency. Rule 11(a)(1), I.R.C.P.; I.C. § 12–123.

Thus, it is evident that the trial court's imposition of sanctions against the Hanfs without finding a lack of a reasonable inquiry is not an adequate analysis under Rule 11. The trial court must determine whether the litigant "made a proper investigation upon reasonable inquiry." Without such a determination, an award of Rule 11 sanctions cannot be sustained. *Sun Valley Shopping Center, Inc. v. Idaho Power Co., supra.*

■ The trial court also cited to I.C. § 12–123 in support of its award of attorney fees, concluding that, "Hanf's claim that Don Gray was a sub-agent of Syringa was not well grounded in fact because no facts exist to support such claim of sub-agency." However, the Hanfs argue strenuously on appeal that I.C. § 12–123, which was enacted in 1987, by its express terms "shall apply only to causes of action which accrue on or after July 1, 1987." The Hanfs' action against Syringa was both accrued and filed in the district court prior to July 1, 1987. Accordingly, that section by its terms was inapplicable to this case.

However, I.C. § 12–121, and I.R.C.P. 54(e)(1) authorize the award of attorney fees in a case which was "brought, pursued or defended frivolously, unreasonably or without foundation." This is a similar standard as I.C. § 12–123, which authorizes

---

**4.** The Hanfs' appeal against the Millers was dismissed by stipulation.

the award of attorney fees for "frivolous conduct," which means conduct or argument of counsel that is "not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." Accordingly, we will consider respondent's belated appellate claim that the award of attorney fees can be supported under I.C. § 12–121. Our prior cases have held that we will uphold the decision of a trial court if any alternative legal basis can be found to support it. *Foremost Ins. Co. v. Putzier*, 102 Idaho 138, 627 P.2d 317 (1981); *Anderson & Nafziger v. G.T. Newcomb, Inc.*, 100 Idaho 175, 179, 595 P.2d 709, 713 (1979).

As noted previously, in evaluating Kaniksu's claim that Don Gray was a sub-agent of Syringa, the trial court considered whether or not Syringa owed a duty to the Hanfs. With respect to the duty issue, the trial court stated:

> The Idaho court has not yet squarely addressed a case, as here, where the issue is whether a real estate broker or sales person is an agent of the seller or the purchaser in connection with the sale of property.

The trial court found the Idaho law to be unclear, and thus analyzed the case of *Walter v. Moore*, 700 P.2d 1219 (Wyo.1985), a case in which the Wyoming court adopted a "dual duty" rule under which a real estate agent can owe a duty both to the seller who employs him and the buyer to whom the real estate is sold. The trial court rejected this rule and followed and quoted extensively from the Colorado case of *Stortroen v. Beneficial Finance Co.*, 736 P.2d 391 (Colo.1987), under which a broker functions as the agent of only one of the parties in the absence of a written agreement otherwise.

The trial court, having found Idaho law to be unclear, uncertain and conflicting, examined conflicting authority from other jurisdictions to determine the broker's duty. Under the facts of this case, the Hanfs would have had an arguable claim under the Wyoming *Walter* case. We cannot say that plaintiffs' legal argument (based on Wyoming case law) was so plainly fallacious as to be deemed frivolous, or that their case was not supported by a

good faith argument for the extension or modification of the law in Idaho, whether under I.C. §§ 12–121 or 12–123. Accordingly, the trial court's award of attorney fees to Syringa under either I.C. § 12–123 or I.C. § 12–121 and I.R.C.P. 54(e)(1), was not appropriate given the legal issues involved in this case.

The partial certified judgment of the district court is affirmed, except as to the award of attorney fees to respondent Syringa, which is reversed. Since both Syringa and Hanfs prevailed in part, no costs or attorney fees are awarded to either Syringa or Hanfs on appeal.

As to Kaniksu's appeal against Hanfs, costs are awarded to the Hanfs. No attorney fees are awarded to the Hanfs on Kaniksu's appeal.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.