65 P.3d 192

**Michel MARTEL, Applicant–Respondent,**

**v.**

**John BULOTTI, dba Bulotti Construction, Defendant– Appellant.**

**No. 27695.**

Supreme Court of Idaho, Twin Falls, November 2002 Term.

Jan. 28, 2003.

Rehearing Denied March 19, 2003.

Roark Law Firm, Hailey, for appellant. Cynthia J. Woolley, Sun Valley, argued.

Luboviski, Wygle & Fallowfield, P.A., Ketchum, for respondent. Janet C. Wygle argued.

KIDWELL, Justice.

The district court confirmed an arbitration award in favor of Michel Martel (Martel) and entered judgment against John Bulotti (Bulotti) pursuant to the Uniform Arbitration Act (UAA). I.C. §§ 7–901 to –922 (2002). Bulotti appeals on the grounds that the district court erred in finding that he did not properly request formal arbitration and that the "award" was not confirmable pursuant to the UAA. This Court affirms the judgment of the district court on alternative grounds.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Martel contracted with Bulotti to build an addition to her home. On July 12, 1999, Martel and Bulotti entered into a written contract using an American Institute of Architects (AIA) contract form (the contract).

The contract incorporated by reference General Conditions (conditions) that provided a process for resolving disputes arising out of the contract. Pursuant to the conditions, the parties were to submit disputes to the pro-

ject architect for decision. Then, the architect was to provide a written decision to each party. The architect's decision was "final and binding on the parties subject to arbitration." After the architect submitted a written decision to the parties that stated it was "final but subject to arbitration," either party could demand arbitration of the dispute. The conditions instructed the party demanding arbitration that "[n]otice of demand for arbitration shall be filed in writing with the other party to the Agreement ... and with the American Arbitration Association [ (AAA) ], and a copy shall be filed with the architect." Failure to demand arbitration within thirty days would result in "the Architect's decision becoming final and binding upon [the parties]."

A dispute arose between Martel and Bulotti regarding Bulotti's performance. The parties submitted the dispute to the architect for a decision. The architect issued a written decision on March 26, 2001, awarding Martel damages totaling $11,594.94. The decision stated: "This decision is final but subject to a demand for arbitration and a demand for arbitration of this claim must be made within thirty (30) days of Ms. Martel's receipt of this certification. Ms. Martel received a copy of this certification on March 27, 2001." Bulotti received the architect's decision on March 29, 2001.

Bulotti faxed a demand for arbitration to the architect's office on April 26, 2001, one day before the running of the thirty-day period in which to demand arbitration. Bulotti did not send the demand to Martel or to the AAA as required by the conditions of the contract.

On May 25, 2001, Martel applied for confirmation of the architect's award and moved for entry of judgment. Bulotti filed an objection to confirmation of the award on the grounds that there was no arbitration award to confirm "notwithstanding the fact that Mr. Bulotti, pursuant to the contract of the parties, specifically requested arbitration within the time permitted under the contract ...". At hearing, Bulotti offered additional grounds for his objection which included: (1) the conditions never became part of the contract because he neither received nor read

them; and (2) even if the conditions became part of the contract, he substantially complied with the requirements for demanding arbitration. Bulotti only pursues the latter appeal.

On June 28, 2001, the district court entered a judgment that included the following findings of fact and conclusions of law:

The Court·finds and concludes as follows: (1) that no facts are in dispute which would be dispositive of the matter and that all issues are questions of law; (2) that [Martel] has followed the contract between the parties; (3) that there is no legal significance to when Defendant received a copy of the General Conditions because they were incorporated into the contract he signed; (4) that the contract between the parties says that the architect's decision is final and binding; and (5) that the architect's decision is an arbitration award subject to confirmation by the Court.

Based on the foregoing, the arbitration award of $11,594.94 to [Martel] from [Bulotti] is affirmed.

Bulotti timely filed this appeal.

## II.

### STANDARD OF REVIEW

This Court exercises free review over matters of law. *Polk v. Larrabee,* 135 Idaho 303, 308, 17 P.3d 247, 252 (2000). Determining the meaning of a statute or applying law to undisputed facts constitute matters of law. *Id.; Melendez v. Hintz,* 111 Idaho 401, 402, 724 P.2d 137, 138 (Ct.App. 1986).

This Court may uphold decisions on alternate grounds from those stated in the findings of fact and conclusions of law on appeal. *See Hanf v. Syringa Realty Co., Inc.,* 120 Idaho 364, 370, 816 P.2d 320, 326 (1991) (citing *Foremost Ins. Co. v. Putzier,* 102 Idaho 138, 627 P.2d 317 (1981) and *Anderson & Nafziger v. G.T. Newcomb, Inc.,* 100 Idaho 175, 179, 595 P.2d 709, 713 (1979)).

## III.

## ANALYSIS

### A. The Architect's Decision Does Not Constitute An Arbitration Award.

■ Bulotti argues that the district court erred in confirming the architect's decision as an arbitration award because the architect was not an "arbitrator" for purposes of I.C. § 7–908. Rather than seeking confirmation, the proper method for enforcing the architect's decision was a breach of contract claim. Then, the architect's decision would be mere evidence subject to attack on grounds of bias. Martel, on the other hand, contends that the architect was an arbitrator under the terms of the contract even though his decision could be appealed through further arbitration. Consequently, the court's confirmation of the architect's award should be affirmed.

Whether the decision of an architect constitutes an arbitration award for purposes of I.C. § 7–911 presents an issue of first impression in Idaho. Section 7–911 states that:

> Upon application of a party, the court shall confirm an [arbitration] award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award . . . .

Section 7–912(a)(2) sets out grounds on which a party may seek to vacate an arbitration award, including bias of the arbitrator, corruption, or fraud; it states in pertinent part:

> (a) Upon application of a party, the court shall vacate an award where;[:]
>
> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party . . . .

*Id.* Once an award is confirmed, I.C. § 7–914 directs the court to enter judgment in accordance with the arbitration award.

■ Generally, "arbitration award" means a decision of an extra judicial arbiter upon whom the parties have agreed and by whose decision the parties have agreed to abide. *Chillum–Adelphi Volunteer Fire Dept., Inc. v. Button & Goode, Inc.*, 242 Md. 509, 219 A.2d 801, 806 (1966) (citing *Cont'l Milling &*

*Feed Co. v. Doughnut Corp. of America,* 186 Md. 669, 48 A.2d 447 (1946)); *Rural Water Dist. No.6 Butler County v. Ziegler Corp.,* 9 Kan.App.2d 305, 677 P.2d 573, 578 (1984). "In construction contracts, it is not unusual for the parties to submit certain questions to the architect, . . . and to agree that the expert's finding or decision shall be final and conclusive." 4 CORBIN ON CONTRACTS, § 31.14, p. 113; *See also United States v. Moorman,* 338 U.S. 457, 461–62, 70 S.Ct. 288, 290–291, 94 L.Ed. 256, 259–60 (1950) (discussing such agreements in the government contract context); *State Highway Comm'n of Wyoming v. Brasel & Sims Constr. Co.,* 688 P.2d 871, 876 (Wyo.1984). Nonetheless, an architect is generally employed by one of the parties to a construction contract. Therefore, the architect's decisions are not necessarily rendered impartially or based upon a fair investigation of the facts. 4 CORBIN ON CONTRACTS, § 31.14, p. 114.

The UAA does acknowledge that arbitrators may be non-neutral. *See, e.g.,* I.C. §§ 7–905(c) and –912(a)(2). The plain language of the UAA, however, only contemplates non-neutral arbitrators in the multiple-arbitrator context. I.C. § 7–905 states that if "an arbitrator for any reason ceases to act, the remaining arbitrator or arbitrators *appointed to act as neutrals* may continue with the hearing and determination of the controversy." I.C. § 7–912(a)(2) provides for vacation of an arbitration award where "[t]here was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators . . . ." An architect may be an arbitrator in certain cases. However, a project architect employed by a party to a contract cannot be the sole arbitrator in a case because of the potential for bias and non-neutrality and the possibility it will discourage a fair investigation of the facts. Thus, the architect in this case was not an arbitrator for purposes of the UAA. Therefore, the architect's decision does not constitute an arbitration award for purposes of I.C. § 7–911 and the district court's order confirming the award is vacated.

### B. The Judgment Against Bulotti Is Affirmed On Alternate Grounds.

■ When a judgment on appeal reaches the correct conclusion, but employs rea-

soning contrary to that of this Court, we may affirm the judgment on alternate grounds. *See Hanf,* 120 Idaho at 370, 816 P.2d at 326. Additionally, the relevant facts in this matter are undisputed. This Court may apply the law to undisputed facts de novo. *Polk,* 135 Idaho at 308, 17 P.3d at 252; *Melendez,* 111 Idaho at 402, 724 P.2d at 138.

 The clear language of the contract in this case provided in relevant part: (1) in the event of a dispute, the parties were to submit the dispute to the architect for decision; (2) after the architect submitted a written decision to the parties stating it was "final but subject to arbitration," either party could demand arbitration; (3) a party seeking arbitration needed to file written notice and demand with "the other party to the Agreement ... with the [AAA], and ... with the architect;" and (4) failure to demand arbitration within thirty days makes "the Architect's decision ... final·and binding."

The undisputed facts show a dispute arose regarding Bulotti's performance. The parties submitted the dispute to the architect for decision. The architect issued a written decision awarding Martel $11,594.94 as the result of Bulotti's faulty performance. The architect's decision stated that it was final, but subject to arbitration. Bulotti timely faxed notice and demand for arbitration to the architect, but failed to file it with Martel or the AAA. The issue, therefore, becomes whether Bulotti's notice and demand for arbitration filed only with the architect was sufficient to avoid the architect's decision becoming final and binding on the parties.

Bulotti argues that a substantial compliance standard applies to determining whether requirements for demanding arbitration are met. He contends that filing written notice and demand for arbitration with the architect constituted a substantial compliance with the requirements for demanding arbitration under the contract. Martel argues in favor of strict compliance. However, Martel contends that even if this Court were to find the substantial compliance standard applicable, Bulotti failed to substantially comply because he: (1) only filed a demand with the

architect, not with Martel or the AAA; (2) faxed his demand as opposed to delivering it or sending it by certified mail; and (3) the demand failed to properly identify the claims on which he was demanding arbitration.

This Court need not decide whether faxing constituted filing under the contract or whether the substantial or strict compliance applies to determining whether one properly demanded arbitration under the terms of a contract; even assuming findings favorable to Bulotti on these issues, Bulotti nonetheless failed to substantially comply with the terms of the contract governing demands for arbitration.

Substantial compliance means that, despite deviation or omission by one party to a contract, the other party receives the important and essential benefit(s) of the clause of the contract in question. *See Gilbert v. City of Caldwell,* 112 Idaho 386, 394, 732 P.2d 355, 363 (Ct.App.1987) (citing IDJI 609; *Nelson v. Hazel,* 89 Idaho 480, 406 P.2d 138 (1965)). Notice to the architect—or even the architect and Martel—would do, and did, nothing to trigger the arbitration process. Rather, the trigger for the arbitration process was filing with the AAA. If Bulotti had filed with the AAA, the AAA would have evaluated his demand for arbitration, appointed an arbitrator or arbitrators to hear the matter, and scheduled hearings and/or deadlines for the submission of evidence. Bulotti's failure to trigger the arbitration process by filing notice and demand for arbitration with the AAA denied Martel of an essential benefit of the contract—that disputes regarding an architect's decision would be settled expeditiously and efficiently through arbitration. Since Bulotti's failure to file a demand for arbitration with the AAA denied Martel an essential benefit under the contract, Bulotti failed to substantially comply with the contractual requirements for requesting arbitration.

Bulotti's failure to substantially comply with the requirements for demanding arbitration caused the architect's decision to become "final and binding." Bulotti argues that, at most, the architect's award should be considered persuasive evidence of Martel's claim for damages because the architect did not act impartially. However, any potential bias of the architect was apparent at the time

of contracting because Martel employed the architect. Bulotti entered into an express agreement that called for the architect to settle disputes and made the architect's decision final unless a party demanded arbitration. Entering into this agreement providing for such informal dispute resolution in a contract fell well within the bounds of the parties' freedom to contract. *See Toivo Pottala Logging, Inc., v. Boise Cascade Corp.,* 112 Idaho 489, 492, 733 P.2d 710, 713 (1987) ("Freedom to contract is an important and integral part of American industry and commerce."). Furthermore, the architect's decision only became binding on Bulotti because of Bulotti's failure to properly demand arbitration. This Court will not make for Bulotti a better agreement than he himself was satisfied to make. *See J.R. Simplot Co. v. Chambers,* 82 Idaho 104, 110, 350 P.2d 211, 214 (1960). Nor will this Court relieve Bulotti of the consequences of his own failure to comply with the requirements for demanding arbitration.

Because the facts in this case are undisputed and Martel is entitled to judgment pursuant to the terms of the contract, this Court affirms the judgment entered by the district court.

### C. Martel Is Not Entitled To Attorney Fees On Appeal.

Martel argues for fees and costs pursuant to I.C. §§ 7–914 and 12–121.

Section 7–914 provides for an award of certain costs in arbitration proceedings; it does not authorize attorney fees. This Court has found that there was no arbitration award in this case and has vacated the order confirming the arbitration award. Therefore, § 7–914 is inapplicable.

This Court only awards attorney fees pursuant to I.C. § 12–121 to the "prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought, [or] pursued ... frivolously, unreasonably or without foundation." *Sacred Heart Med. Cent. v. Nez Perce County,* 136 Idaho 448, 451, 35 P.3d 265, 268 (2001) (citing *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979)). Bulotti's appeal calls for this Court to decide an issue of first impression, to wit, whether a project architect's decision constitutes a confirmable arbitration award for purposes of the UAA. Not only was this issue one of first impression in Idaho, research shows it remains an unsettled question across the nation. Thus, this Court finds that this appeal was not brought or pursued frivolously and Martel's request for attorney fees is denied.

### IV.

### CONCLUSION

The district court's order confirming the arbitration award is vacated, however, the judgment entered is affirmed on alternate grounds. No attorney fees on appeal. Costs to respondent Martel.

Chief Justice TROUT, Justices SCHROEDER and EISMANN concur. Justice Pro Tem REINHARDT concurs in the result.