Tufte, Justice, dissenting.
[¶20] I respectfully dissent.
*759 [¶21] "All contracts, whether public or private, are to be interpreted by the same rules, except as otherwise provided by the laws of this state." N.D.C.C. § 9-07-01. The contract term at issue here was not a negotiated term but became part of the agreement by virtue of being the law of the land in existence at the time the contract was made. Bindas v. Bindas , 2019 ND 56, ¶ 14, 923 N.W.2d 803 (citing cases). Interpreting regulatory requirements implied in an employment contract, we explained that "the interpretation of regulations to ascertain their purpose is a question of law" and "the determination of whether conduct is in substantial compliance with these regulations, i.e., whether their purpose is effectuated, is a question of fact." Stensrud v. Mayville State College , 368 N.W.2d 519, 523 (N.D. 1985) (citations omitted). To determine the purpose of the clause at issue here, the district court appears to have viewed the clause in context to assess what its essential benefit was to Cuozzo. See Martel v. Bulotti , 138 Idaho 451, 65 P.3d 192, 196 (2003) (determining "essential benefit" provided to party by contract clause).
[¶22] Although the district court correctly identified the essential benefit of the contractual provision at issue, it misconstrued its plain language describing the obligation placed on President Kennedy. The court stated:
The policy states that the president shall include "Findings of Fact and Reasons OR Conclusions based on the hearing record." The wording of this specific statute does not necessarily require the president to make findings of fact. It allows the president of the university to make findings of fact and reasons or to make conclusions, either of them based upon the hearing record. Kennedy made conclusions in his letter and e-mail, and stated these conclusions were made after consideration of the SCOFR report.
To interpret the term "findings of fact and reasons or conclusions," the court has to decide whether "and" comes before "or," an instance of the general problem called order of operations in mathematics and computer programming. See generally https://en.wikipedia.org/wiki/Order_of_operations. Depending on whether the "and" or the "or" takes precedence, this phrase means either (a) "findings of fact" and "reasons or conclusions" or (b) "findings of fact and reasons" or "conclusions." The district court chose (b) and easily found Kennedy's perfunctory conclusion to satisfy the requirement. This is an implausible reading of the clause that all but eliminates the obligation of the university president to further the due process purposes of the clause.
[¶23] The district court went on to reason in the alternative that, even if findings of fact were required, Kennedy's letters indicated substantial compliance with the requirement because Cuozzo does not contest the findings made by SCOFR or whether they were sufficient to support his termination. President Kennedy made no findings based on the hearing record in his terse letter terminating Cuozzo. Without a showing of harm arising from President Kennedy's failure to provide "findings of fact and reasons or conclusions based on the hearing record," the Majority dismisses this procedural protection as form over substance. Majority, at ¶ 16. Contra N.D.C.C. § 1-02-05. But it is the very nature of due process to put form (process) over substance (results). By consistently following the form, the reliability of and confidence in the results is enhanced. In Hammond v. North Dakota State Personnel Bd. , 345 N.W.2d 359, 364 (N.D. 1984), this Court reversed the district court and remanded with instructions that the State Personnel Board "review the evidence submitted and issue a redetermination, with *760 findings and conclusions, based upon their review of the record." This Court explained in Hammond that it was the Board's duty to make findings and conclusions based on the evidence, and the Board's failure to do so "denied Hammond his right to a decision by the Board based upon a review of the record by the Board members." Id.
[¶24] The decision maker (the Board in Hammond or President Kennedy here) need not review the entire record, but must "consider and appraise the evidence," either directly or in summary form. Id. (VandeWalle, J., concurring specially). Application of the rule stated in Hammond forecloses a finding that President Kennedy provided the required review and made his final decision based on the hearing record. The district court's finding that Kennedy substantially complied is thus clearly erroneous. Although there may not be provable damages traced to this failure, proof of damages is not before us on this appeal. I would reverse the district court and remand for findings by President Kennedy. If this process is too burdensome on our university presidents, the answer is to amend the policies and faculty handbooks that impose the burdensome process.
[¶25] Jerod E. Tufte