35 P.3d 265

**SACRED HEART MEDICAL CENTER, (Mary J.), Plaintiff–Respondent–Cross–Appellant,**

v.

**NEZ PERCE COUNTY, Idaho and Nez Perce County Board of County Commissioners, Defendants–Appellants–Cross–Respondents.**

No. 26011.

Supreme Court of Idaho, Coeur d' Alene, April 2001 Term.

Oct. 24, 2001.

Hugh G. Jacobs, Lewiston, argued for appellant.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondents. Michael B. Hague argued.

WALTERS, Justice.

This is an appeal from the district court's order granting summary judgment to Sacred Heart Medical Center (SHMC) on its claim to recover payment for services rendered pursuant to Idaho's medical indigency statutes, chapters 34 and 35, title 31, Idaho Code. Because we hold the district court's interpretation of I.C. § 31–3511(4) authorizing approval of the application by default to be error as a matter of law, we vacate the summary judgment and remand this case for further proceedings before the district court.

### HISTORICAL AND PROCEDURAL FACTS

Mary J., an Idaho resident, applied for medical indigency benefits after her hospitalization as a coronary care patient at SHMC in Spokane between April 18 and April 29, 1997. The application submitted by Mary J. was incomplete, but Mary J. signed as the applicant in the required spaces on the form. On the page entitled Medical Providers List, the patient is identified as Mary J., and in the space provided for "if a third party application," is the name of Lisa Stark, patient sponsor, as the "contact person" at Sacred Heart Medical Center, the "facility." Stark printed her name on the form but never affixed her signature on behalf of the hospital.

In order to determine whether Mary J. met the indigency requirements, Nez Perce County sent a representative to interview Mary J., but Mary J. refused to cooperate and shortly thereafter verbally withdrew her application for benefits. On June 6, 1997, the Board of County Commissioners issued a certificate of denial for county aid citing the following reasons: "(1) no indigency exists—undocumented; (2) not the last resource—undocumented; (3) application is incomplete as per Idaho Code § 31–3511(2), (3); and (4) other reasons—applicant called and verbally withdrew her application for county assistance on May 30, 1997. Applicant refuses to cooperate or allow an interview." SHMC timely filed a notice of appeal from the denial with the Board, pursuant to I.C. § 31–3505D.[1]

The Board noticed a hearing on SHMC's appeal from the denial. However, before the date scheduled for the hearing, the Board received a written request from Mary J., seeking to withdraw her application for benefits. The Board notified SHMC that it was withdrawing Mary J.'s application and vacated the October 1, 1997, hearing date. Despite numerous requests by SHMC, the Board did not reinstate the original hearing date, and no hearing on the hospital's appeal was ever held.

On December 7, 1998, SHMC filed a complaint in the district court seeking to compel the County to declare the application of SHMC approved pursuant to I.C. § 31–3511(4)[2] and to order the County to pay the sum owing to the hospital for services rendered to Mary J. SHMC then filed a motion for summary judgment; the County filed a cross-motion for summary judgment and/or a motion to dismiss. After a hearing on the motions, the district court denied the County's motions and granted the hospital's motion for summary judgment. In a separate order, the district court denied SHMC's request for an award of attorney fees.

The County appealed from the district court's decision, asserting that a question of fact as to whether the hospital was a third-party applicant still needed to be resolved, making summary judgment inappropriate. The County also contested SHMC's filing of a civil complaint in the district court to obtain redress from the Board's refusal to conduct the appeal hearing after Mary J. was allowed to withdraw her indigency application. SHMC cross-appealed, challenging the district court's order denying the hospital's request for attorney fees.

## STANDARD OF REVIEW

In reviewing a lower court's decision on summary judgment, the standard of review is whether there are any genuine issues of material fact, and, if not, whether the prevailing party was entitled to judgment as a matter of law. *Brown v. Caldwell School District No. 132*, 127 Idaho 112, 898 P.2d 43 (1995); I.R.C.P. 56(c). If the evidence shows no disputed issues of material fact, what remains is a question of law, over which the appellate court exercises free review. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994).

## DISCUSSION

We begin by noting the unusual posture of this case. Typically, applications and requests for necessary medical services are filed with the clerk of the board of county commissioners within ten days prior to receiving nonemergency necessary medical services, and within thirty days following emergency medical services. I.C. § 31–3505. The clerk interviews the applicant and investigates the information provided with the application within specified time limits, and files findings with the board. I.C. § 31–3505A. The board is required to make an initial determination on the application for medical services rendered within fifteen

---

1. I.C. § 31–3505D provides: An applicant or provider may appeal an adverse initial determination of the board by filing a written notice of appeal with the board within twenty-eight (28) days of the date of the initial determination. If no appeal is filed within the time allowed, the determination of the board shall become final.

2. I.C. § 31–3511(4) provides: "If the board fails to act upon an application within the time lines required under this chapter, the application shall be deemed approved and payment made as provided in this chapter."

days, and within five days for applications for services yet to be provided, and then—within five days of the initial determination—to mail a copy to the applicant, to the third party making an application on behalf of the applicant (as the case may be) and to each provider listed on the application. I.C. § 31–3505C. An applicant or provider may appeal from an adverse determination by filing a written notice of appeal with the board within twenty-eight days of the date of the initial determination. I.C. § 31–3505D. If no appeal is filed within the time allowed, the determination of the board becomes final. *Id.* The board shall hold a hearing on the appeal within seventy-five days (unless continued for not more than forty-five days) and shall make a final determination within thirty days of the conclusion of the hearing. I.C. § 31–3505E. If, after a hearing as provided in section 31–3505E, the final determination of the board is to deny an application for financial assistance with necessary medical services, the applicant, or a third party making an application on an applicant's behalf, may seek judicial review of the final determination of the board. I.C. § 31–3505G.

In this case, however, the board refused to hold a hearing on the appeal from its initial denial of Mary J.'s application, taking the position that the application no longer existed because it had been withdrawn subsequent to the notice of appeal filed by SHMC. As a result, there has not been a final determination by the board that would be subject to the judicial review process permitted by I.C. § 31–3505G, and SHMC pursued a civil action in the district court to compel the Board to pay the sum owed to the hospital for services rendered to Mary J. There was no other avenue for the hospital to obtain review of the Board's decision vacating the appeal from the denial of the application. Because the district court granted summary judgment to SHMC and the Board has appealed from the district court's judgment declaring the indigency application approved by operation of law, we are limited to a review only of the propriety of the summary judgment decision.

The Board argues that summary judgment was improper because a question of fact exists regarding the status of SHMC under the operative definitions of the medical indigency statutes. The Board asserts that it appears inconclusive from the application whether SHMC is a "third party applicant" acting on behalf of the applicant, Mary J., and that since Mary J. personally signed the application, the application cannot be deemed one filed by a third party on behalf of the applicant. However, whether SHMC qualifies as a "third-party applicant" is not a dispositive question. Instead, the focus should be on the question of whether the hospital can be deprived of its right as a provider to a hearing on appeal from the Board's denial of Mary J.'s application, notwithstanding the subsequent withdrawal of the application.

■ The relevant facts are that SHMC treated and cared for Mary J., and the hospital's charges were identified on the application for indigency benefits. Accordingly, SHMC qualifies as a "provider." A provider is "any person, firm, or corporation certified or licensed by the state, that provides necessary medical services as it appears on the application for assistance pursuant to this chapter." I.C. § 31–3502(4). As a provider, SHMC is entitled to appeal to the Board of County Commissioners from the initial adverse determination on the application for indigency benefits. *See* I.C. § 31–3505D. The Board, however, has continuously refused to conduct a hearing on SHMC's appeal from the denial of the application, in contravention of I.C. § 31–3505E or within seventy-five days of the notice of the provider's appeal.

In deciding the summary judgment, the district court concluded that the Board's failure to hold a hearing within seventy-five days of receipt of the appeal entitled SHMC to payment of the claim as a matter of law in accordance with I.C. § 31–3511(4). This statute provides that if the Board fails to act upon an application within the time lines required under this chapter, the application shall be deemed approved and payment made as provided in this chapter. We disagree with the district court, however, that the procedural default mechanism of I.C. § 31–3511(4) comes into play here, where the Board did not fail to act on the application but instead officially acted on the application

by initially denying it. We conclude that the district court erred as a matter of law in its interpretation of the statute.

The critical point in this case is when the Board vacated the appeal hearing requested by SHMC. As a provider, SHMC was entitled to that hearing under the medical indigency statutes. Indeed, at the hearing on the motions before the district court, the County's attorney suggested as one solution that "if the Court does determine that the Board should have heard this application, I think that a remand would be the appropriate method; ..." We agree that this remedy in disposing of SHMC's complaint more correctly would focus on the County's error in depriving SHMC of its right to a hearing on the denial of the indigency benefits application than holding the County automatically liable for the debt under I.C. § 31–3511(4).

Consequently, we vacate the summary judgment for SHMC and remand the case for the district court to conduct further proceedings on SHMC's complaint. As a result of our determination, there is not yet a prevailing party in the proceedings in the district court. We therefore also vacate the district court's order denying the request by SHMC for an award of attorney fees, inasmuch as that issue must be revisited by the district court.

Both parties have requested awards for attorney fees and costs in this appeal based on I.C. § 12–121. Reasonable attorney fees under I.C. § 12–121 ordinarily will be awarded to the prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Since both parties have prevailed successfully on their respective appeals, no award will be made under that statute.

SHMC also requests an award of attorney fees on appeal pursuant to I.C. § 12–117. This statute authorizes an award of fees in a civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person. The statute requires a finding in favor of the person and a finding that the state agency, city, county or taxing district "acted without a reasonable basis in fact or law." I.C. § 12–117. We conclude that SHMC is not the prevailing party on the appeal brought by the County, and although SHMC is the prevailing party on its cross-appeal, its success flowed solely from the favorable result obtained by the County on its appeal, not because the County "acted without a reasonable basis in fact or law." Therefore, we decline an award of fees pursuant to I.C. § 12–117.

## CONCLUSION

The summary judgment in favor of SHMC is hereby vacated and the matter remanded for further proceedings. The order denying fees to SHMC is vacated. No costs or attorney fees on appeal are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.