66 P.3d 238

**SACRED HEART MEDICAL CENTER, a Washington corporation (regarding Edwina H.), Plaintiff–Appellant,**

v.

**BOUNDARY COUNTY, Idaho, and The Boundary County Board of County Commissioners, Defendants–Respondents.**

No. 27933.

Supreme Court of Idaho, Boise, February 2003 Term.

March 5, 2003.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for appellant. Michael B. Hague, Coeur D'Alene, argued.

John R. Topp, Sandpoint, argued for respondents.

WALTERS, Justice.

This is an appeal by Sacred Heart Medical Center ("SHMC") in a medical indigency case. The Boundary County Board of County Commissioners advised SHMC that it did not have the jurisdiction to hear and approve a medical indigency application filed by SHMC. The district court on review remanded the case to the commissioners for a hearing on the merits. SHMC appeals, contending that the district court should have approved its application pursuant to I.C. § 31–3511(4) because the commissioners

failed to act upon the application.[1] Boundary County argues that it does not have jurisdiction because the application was untimely. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On May 4, 2000, Edwina H., a Boundary County resident, was admitted to Sacred Heart Medical Center ("SHMC") for emergency medical treatment. On July 5, a request for Medicaid benefits was filed on behalf of the patient by SHMC. Following the denial of the Medicaid petition, SHMC submitted an application for county assistance with Boundary County on July 14, 2000.

On July 25, the Boundary County Commissioners responded by letter to SHMC's application. The letter advised SHMC that it did not have jurisdiction to hear and approve the application in accordance with I.C. § 31–3511(2).[2] On August 16, SHMC requested a hearing on the commissioners' determination. In response, the commissioners referred SHMC to its July 25 letter.

SHMC then filed an action with the district court seeking to compel Boundary County to declare SHMC's application for medical indigency approved pursuant to I.C. § 31–3511(4). Boundary County filed a motion to dismiss. SHMC filed an objection to the motion to dismiss and a motion for summary judgment. The district court heard arguments and remanded to the Boundary County Board of Commissioners for a hearing on the merits of the indigent assistance application filed by SHMC on behalf of Edwina H. This appeal followed. SHMC challenges the district court's refusal to order the application approved pursuant to I.C. § 31–3511(4).

## ISSUES PRESENTED ON APPEAL

1. Did the district court err by not declaring SHMC's application for medical indigency benefits approved pursuant to I.C. § 31–3511(4)?

2. Did the district court err by not dismissing SHMC's complaint for lack of jurisdiction?

3. Did the district court err in remanding the matter for a hearing before the Boundary County Board of Commissioners?

4. Are either of the parties entitled to attorney fees on appeal?

## STANDARD OF REVIEW

In reviewing the district court's decision on a motion for summary judgment, the standard of review is whether there are any genuine issues of material fact, and, if not, whether the prevailing party was entitled to judgment as a matter of law. I.R.C.P. 56(c); *Sacred Heart Medical Center v. Nez Perce County*, 136 Idaho 448, 449, 35 P.3d 265, 266 (2001). If the evidence shows no disputed issues of material fact, what remains is a question of law, over which the appellate court exercises free review. *Id.*

## DISCUSSION

### I.

This Court recently explained the process for medical indigency determinations. The Court stated:

Typically, applications and requests for necessary medical services are filed with the clerk of the board of county commissioners within ten days prior to receiving nonemergency necessary medical services, and within thirty[-one] days following emergency medical services. I.C. § 31–3505. The clerk interviews the applicant and investigates the information provided with the application within specified time limits, and files findings with the board. I.C. § 31–3505A. The board is required to

---

1. Idaho Code § 31–3511(4) provides:
   If the board fails to act upon an application within the time lines required under this chapter the application shall be deemed approved and payment made as provided in this chapter.

2. Idaho Code § 31–3511(2) provides:
   The board shall not have jurisdiction to hear and shall not approve an application for necessary medical services unless an application in the form proscribed by this chapter is received in accordance with the provisions of this chapter.

make an initial determination on the application for medical services rendered within fifteen days, and within five days for applications for services yet to be provided, and then-within five days of the initial determination-to mail a copy to the applicant, to the third party making an application on behalf of the applicant (as the case may be) and to each provider listed on the application. I.C. § 31–3505C. An applicant or provider may appeal from an adverse determination by filing a written notice of appeal with the board within twenty-eight days of the date of the initial determination. I.C. § 31–3505D. If no appeal is filed within the time allowed, the determination of the board becomes final. *Id.* The board shall hold a hearing on the appeal within seventy-five days (unless continued for not more than forty-five days) and shall make a final determination within thirty days of the conclusion of the hearing. I.C. § 31–3505E. If, after a hearing as provided in section 31–3505E, the final determination of the board is to deny an application for financial assistance with necessary medical services, the applicant, or a third party making an application on an applicant's behalf, may seek judicial review of the final determination of the board. I.C. § 31–3505G.

*Sacred Heart Medical Center v. Nez Perce County,* 136 Idaho 448, 449–50, 35 P.3d 265, 266–67 (2001). In cases where an application is made for Medicaid or social security benefits, a delayed application may be filed so long as the Medicaid or social security application was filed within 90 days from the date of medical services or admission, in cases of hospitalization. I.C. § 31–3505(4)(a). The delayed application must be filed within 180 days of the medical services or hospitalization. *Id.*

A. *Jurisdiction*

Boundary County initially rejected SHMC's application because it found that it did not have jurisdiction to hear this case pursuant to I.C. § 31–3511(2) and on appeal argues that this Court should affirm this determination. However, SHMC contends that it filed its application within the time parameters set forth in I.C. § 35–3505 as a

delayed third-party application because SHMC had filed a request for Medicaid benefits on behalf of Edwina H.

Edwina H.'s emergency medical services were rendered by SHMC on May 4, 2000. On June 23, Nancy Ryals, Boundary County deputy clerk in charge of indigency applications, was contacted by SHMC to find out the status of Edwina H.'s application for county assistance. Ryals informed SHMC that an application had not been filed, and even if an application was filed, it would be untimely at that point pursuant to I.C. § 31–3505(2). Ryals then advised SHMC that I.C. § 31–3505(4) allows for a delayed application when Medicaid is applied for within 90 days of medical service or admission. On July 7, a request was filed with Medicaid by SHMC on behalf of Edwina H. On July 11, the Medicaid request was denied because Edwina H. already had a pending application for Medicaid benefits that had been filed earlier.

On July 14, 2000, SHMC submitted a third-party delayed application on behalf of Edwina H. with Boundary County. Ryals contacted the Idaho Department of Health & Welfare and spoke with Ms. Teddi Huggins about Edwina H.'s application. Huggins indicated that a former appeal by Edwina H. was pending and that Edwina H. did not need to make another request for Medicaid, because the previous Medicaid request, if granted, would provide Edwina H. with Medicaid benefits to cover this medical occurrence.

On July 25, 2000, Boundary County responded by letter to SHMC returning Edwina H.'s application. The County stated that it did not have jurisdiction to entertain the case pursuant to I.C. § 31–3511(2) because the timing of filing of the application was improper.

Looking strictly at the filing dates prescribed by I.C. § 31–3505, SHMC filed within the proper time limitations for a delayed third-party application. Since SHMC applied for Medicaid within 90 days of Edwina H.'s medical treatment, SHMC could file an application with Boundary County for county assistance within 180 days of Edwina H.'s medical treatment. I.C. § 31–3505(4)(a).

The statute is silent on the subject of whether the Medicaid application may be rejected because it is a repetitious one or whether it is subject to rejection or denial for any other reason. The statute merely requires that a Medicaid application be filed in order to extend the time to file an indigency application with the county.

B. *Remand for Hearing*

■ SHMC filed a motion for summary judgment asserting that the district court should deem its application for county assistance approved because of Boundary County's failure to act, pursuant to I.C. § 31–3511(4). Boundary County alleges that it followed the dictates of I.C. § 31–3511(2) in processing and returning SHMC's application. Boundary County requested that the district court dismiss this action or in the alternative, deny the motion for summary judgment and remand the matter to the Board of County Commissioners for a hearing to determine indigency on the merits.

The district court determined that, by returning SHMC's application, Boundary County "acted on the application, I believe that they acted erroneously, and the relief available is a remand to the county commissioners for a hearing." The district court further concluded that Boundary County acted in a timely fashion, but it acted erroneously in that the County deprived SHMC of the hearing to which it was entitled.

Boundary County responded to SHMC's July 14 application by letter dated July 25. The County's letter returning the application and refusing to process the application is sufficient to constitute a denial of the SHMC's application. This handling of the claim by the County is clearly within the fifteen-day requirement of I.C. § 31–3505C. Boundary County cited to I.C. § 31–3511(2) that it was unable to process SHMC's application because it lacked jurisdiction to hear and approve the application. Although the County's conclusion may be an erroneous application of the jurisdictional provision, the County clearly acted upon SHMC's application within the applicable time parameters. This is not the case where the County failed to act upon SHMC's application altogether and does not require the County or the district court to deem the application approved in accordance with I.C. § 31–3511(4).

This Court holds that Boundary County acted upon SHMC's application within the time parameters set forth in I.C. § 31–3505. Further, this Court affirms the district court's remand of the case to the Board of County Commissioners for an indigency determination on Edwina H.'s application.

■ SHMC requests an award of attorney fees pursuant to I.C. §§ 12–117 and 12–121, and pursuant to the private attorney general doctrine. Boundary County requests attorney fees on appeal as well. Idaho Code § 12–117 allows attorney fees in proceedings involving as adverse parties a county and another party. The statute allows the Court to award to the prevailing party "reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." I.C. § 12–117. Idaho Code § 12–121 also allows an award of reasonable attorney fees to the prevailing party. Because the appeal has required this Court to interpret I.C. § 31–3505 for the first time within the context of the facts of this case, neither party is awarded fees. *Win of Michigan, Inc. v. Yreka United, Inc.,* 137 Idaho 747, 754–55, 53 P.3d 330, 337–38 (2002).

## CONCLUSION

This Court affirms the decision of the district court remanding this case to the Board of County Commissioners for an indigency determination. No costs or fees are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL AND EISMANN, concur.