80 P.3d 1067

Susan DALEIDEN, Plaintiff–Appellant,

v.

JEFFERSON COUNTY JOINT SCHOOL DISTRICT NO. 251, Defendant–Respondent.

No. 29036.

Supreme Court of Idaho, Pocatello, September 2003, Term.

Nov. 24, 2003.

Stucki Law Office, Idaho Falls, for appellant. Marvin Rodney Stucki argued.

Anderson, Nelson, Hall, Smith, Idaho Falls, for respondent. Blake Hall argued.

TROUT, Chief Justice.

Plaintiff Susan Daleiden (Daleiden) appeals the trial court's grant of summary judgment to Defendant Jefferson County

Joint School District No. 251 (School District). Daleiden, a physical therapist contracted by the School District to work with children with special needs, brought a negligence claim against the School District for a back injury she suffered while assisting a student off a school bus. The trial court granted summary judgment for the School District on the ground that Daleiden was covered by Idaho Code § 72–205 of the Worker's Compensation Act (the Act) and was, therefore, barred from bringing a tort action against the School District. Daleiden appeals, arguing that she is an independent contractor and therefore is not covered by the Act.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Daleiden is a physical therapist who provided services on contract to the School District. Daleiden injured her back in August 2000 while assisting a student in a wheelchair off a bus. In February 2001 Daleiden filed a Notice of Tort Claim with the School District, claiming damages arising from negligence on the part of the School District in failing to provide a bus with a wheel chair lift. After the School District did not respond to this notice, Daleiden filed a complaint in the Seventh Judicial District Court again alleging negligence on the part of the School District and seeking damages.

The School District filed an answer and subsequently moved the court for summary judgment, arguing that 1) Daleiden has worker's compensation coverage because she was in the service of the School District under I.C. § 72–205 and is thereby precluded by the Act from any other legal remedy, 2) the School District is immune from liability under the Idaho Tort Claims Act, and 3) the School District owed no duty to Daleiden upon which she could base a tort claim. Daleiden responded by arguing that she was an independent contractor and was thereby excluded from worker's compensation coverage. Daleiden also responded to the School District's other issues and raised an equitable estoppel argument.

The trial court granted the School District's motion for summary judgment in August 2002 finding that Daleiden was covered by worker's compensation under I.C. § 72–205 and was therefore precluded from pursuing any other remedy. The district court did not address any of the other issues presented, including whether Daleiden was an employee of the School District or an independent contractor. Daleiden subsequently filed this appeal.

## II.

## STANDARD OF REVIEW

■ "When questions of law are presented, this Court exercises free review and is not bound by findings of the district court but is free to draw its own conclusions from the evidence presented." *Kohring v. Robertson*, 137 Idaho 94, 99, 44 P.3d 1149, 1154 (2002). "Furthermore, the construction of a legislative act, such as the worker's compensation statutes, presents a pure question of law for free review by the Court." *Crawford v. Department of Correction*, 133 Idaho 633, 635, 991 P.2d 358, 360 (1999).

■ As to summary judgment, "[i]n reviewing the district court's decision on a motion for summary judgment, the standard of review is whether there are any genuine issues of material fact, and, if not, whether the prevailing party was entitled to a judgment as a matter of law. If the evidence shows no disputed issues of material fact, what remains is a question of law, over which the appellate court exercises free review." *Sacred Heart Medical Center v. Boundary County*, 138 Idaho 534, 535, 66 P.3d 238, 239 (2003).

## III.

## SECTION 72–205 OF THE IDAHO CODE AND INDEPENDENT CONTRACTORS

■ In granting summary judgment for the School District, the district court interpreted the language of I.C. § 72–205, which defines public employment for purposes of worker's compensation coverage, to grant

coverage to independent contractors, who would otherwise not be covered by worker's compensation if engaged in private employment. The district court found that regardless of whether Daleiden was an employee of the School District or an independent contractor, she was covered by worker's compensation and accordingly was precluded from bringing her tort cause of action.

I.C. § 72–205 reads in part:

The following shall constitute employees in public employment and their employers subject to the provisions of this law:

(1) Every person in the service of the state or of any political subdivision thereof, under any contract of hire, express or implied, and every official or officer thereof, whether elected or appointed, while performing his official duties, except officials of athletic contests involving secondary schools, as defined by section 33–119, Idaho Code.

(2) Every person in the service of a county, city, or any political subdivision thereof, or of any municipal corporation.

The district court read this statute, particularly subsection (2), which provides coverage to "[e]very person in the service of a county, city, or any political subdivision thereof, or of any municipal corporation", to apply to independent contractors working for the State. Such a reading, however, gives meaning to phrases used in the Act that is contrary to the well-established meanings and terms of employment found in Idaho's worker's compensation law, and would potentially extend coverage to a large class of persons not intended to be covered by the legislature.

The phrase "contract of hire" found in I.C. § 72–205(1) is also found in I.C. § 72–204, which covers private employment. I.C. Section 72–204(2) states that "[a] person … in the service of an employer under any contract of hire or apprenticeship, express or implied … shall constitute [an] employee [ ] and their employer [shall be] subject to the provisions of [Idaho's worker's compensation law]."

This term—"contract of hire"—is a term typically associated with employment as used in the context of worker's compensation. Using an older definition, "[a]'contract of hire' is usually defined as an agreement in which an employee provides labor or personal services to an employer for wages or remuneration or other thing of value supplied by the employer." Larson, The Law of Workmen's Compensation, 47.10 at 8 (1973). Blacks Law Dictionary defines an employee as "[a] person who works in the service of another person (the employer) *under an express or implied contract of hire,* under which the employer has the right to control the details of work performance," and an employer as "[a] person who controls and directs a worker *under an express or implied contract of hire* and who pays the worker's salary or wages." (7th ed.) (emphasis added). A majority of state workers compensation statutes similarly reflect Idaho's definition of employment—both public and private—using the term contract of hire.[1]

Additional insight on why "contract of hire" and employment are frequently linked in worker's compensation law is provided in Larson, The Law of Workmens Compensation. First, due to the vicarious liability consequences of an employer/employee relationship, there must be mutual consent between master and servant to the employment as embodied by a contract. Second, the em-

---

1. *See, e.g.,* Alaska St. § 23.10.699 (employer means a person who employs one or more full-time employees under a contract of hire, express or implied, oral or written); Cal. Labor Code 3351 ("Employee means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied"); Colorado St. 8–40–202 (Employee defined as [e]very person in the service of any person, association of persons, firm, or private corporation under any contract of hire, express or implied); Montana St. 39–71–117 ("employer is each person; each prime contractor; each firm, voluntary association, limited liability company, limited liability partnership, and private corporation who has a person in service under an appointment or contract of hire, expressed or implied"); Nevada St. 616A.105 (employee is every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied); Utah St. 34A–2–103 ("employer is each person, including each public utility and each independent contractor, who regularly employs one or more workers or operatives in the same business, or in or about the same establishment, under any contract of hire, express or implied").

ployment must be gainful for the employee because the underlying purpose of workers compensation statutes is to reimburse employees their lost wages when they become injured or otherwise unable to work. Therefore, the contract must be one of hire and cannot be purely gratuitous. Larson, 64.01 (1999). Because vicarious liability does not typically attach with independent contractors (Restatement 2d Torts § 409), use of the phrase "contract of hire" implies an employer/employee relationship.

As such, the term "contract of hire" in Idaho's worker's compensation statutes is used in the same manner as a majority of jurisdictions in the nation, and this use is predominantly associated with an employment relationship. Thus, we find that the term "contract of hire" in I.C. § 72–205(1), in the context of the worker's compensation law, denotes an employer/employee relationship, and not simply any contractual hiring arrangement.

 Idaho law has consistently precluded independent contractors from coverage under worker's compensation. "Coverage under the worker's compensation laws is dependent upon the existence of an employer-employee relationship." *Livingston v. Ireland Bank*, 128 Idaho 66, 68, 910 P.2d 738, 740 (1995). "Independent contractors are outside of the coverage of the Workmen's Compensation Law while employees are ordinarily within it." *Anderson v. Gailey*, 97 Idaho 813, 820, 555 P.2d 144, 150 (1976). I.C. § 72–203 specifically sets forth that the worker's compensation laws are to only apply to "all public employment and to all private employment...." In light of the term "contract of hire" used in I.C. § 72–205(1) and the corresponding requirement that there be a relationship of employment for worker's compensation coverage, we find that independent contractors are excluded from coverage under this subsection.

 The School District additionally argues that under I.C. § 72–205(2) independent contractors are covered under the Act because the language of this subsection does not require a contract of hire but only that the individual be *"in the service of* a county, city, or any political subdivision thereof, or of any municipal corporation" (emphasis added). Though this language may suggest such a broad interpretation as to bring independent contractors into the coverage of worker's compensation if they are providing services to a county, city, or municipal corporation, the School District's argument fails.

Although the district court never determined whether Daleiden was an employee of the School District or an independent contractor, Daleiden was providing services to a school district. As such, Daleiden was providing services to a political subdivision of the state and would therefore fall under subsection (1) of I.C. § 72–205 and not subsection (2). Statutes, cases, and the Idaho Constitution itself have continually held that school districts are political subdivisions of the state itself and not of counties, cities, or municipal corporations.[2] Therefore, if Daleiden is to find any source of compensation under the Act by virtue of her relationship with the School District, it must be found under I.C. § 72–205(1), not (2). Accordingly, the district court's determination that it was irrelevant whether Daleiden was an employee or an independent contractor for purposes of worker's compensation coverage is erroneous, and the district court would in fact have to determine that Daleiden was an employee of the School District and not an independent contractor before she could be covered by worker's compensation.

However, it is not necessary to send this matter back to the district court for a determination of whether Daleiden was an employee of the School District or an independent contractor, as we can uphold the decision of the district court to dismiss Daleiden's complaint on alternate grounds.

## IV.

## DUTY GIVING RISE TO A TORT CLAIM

 This Court has held that "[it] will uphold the decision of a trial court if any

**2.** *See, e.g.,* Idaho Constitution §§ 2A, 3; I.C. §§ 6–902(1), 7–1303, 39–1451, 41–3715(2), 41–4012(2), 41–4934(2), 67–6513, 67–8702; *Asson v. City of Burley,* 105 Idaho 432, 438, 670 P.2d 839, 844 (1983); *Packard v. Joint School Dist. No. 171,* 104 Idaho 604, 609, 661 P.2d 770, 774 (1983); *Brizendine v. Nampa Meridian Irrigation Dist.,* 97 Idaho 580, 587, 548 P.2d 80, 87 (1976).

alternative legal basis can be found to support it." *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991). As part of its argument for summary judgment against Daleiden and again on appeal, the School District asserted that it owed no duty to Daleiden to provide a bus with a wheelchair lift which would give rise to a tort claim against the School District. This argument is persuasive.

As is well established in Idaho law, a negligence claim must be founded first upon "a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct, [and] a breach of that duty." *Dachlet v. State*, 136 Idaho 752, 759, 40 P.3d 110, 117 (2002). In *Udy v. Custer County*, 136 Idaho 386, 389, 34 P.3d 1069, 1072 (2001), this Court discussed the requirement of a duty:

> No liability arises from the law of torts unless the defendant owes a duty to the plaintiff. *See Hoffman v. Simplot Aviation*, 97 Idaho 32, 539 P.2d 584 (1975). Generally, the question whether a duty exists is a question of law, over which we exercise free review. *See, e.g., Freeman v. Juker*, 119 Idaho 555, 808 P.2d 1300 (1991). This Court follows the rule that "one owes the duty to every person in our society to use reasonable care to avoid injury to the other person in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury." *Alegria v. Payonk*, 101 Idaho 617, 619, 619 P.2d 135, 137 (1980). Further, there is a "general rule that each person has a duty of care to prevent unreasonable, foreseeable risks of harm to others." *Sharp v. W.H. Moore, Inc.*, 118 Idaho 297, 300, 796 P.2d 506, 509 (1990). However, one also owes no affirmative duty to act to assist or protect another absent unusual circumstances, which justify imposing such an affirmative responsibility. *See Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 399, 987 P.2d 300, 311 (1999).

The School District argues that it owed no duty to Daleiden to provide a bus with a wheelchair lift as Daleiden contends. If anything, it asserts, it owed that duty to the student in the wheelchair, not Daleiden. Where the School District had already provided a qualified and experienced school aid to help the student off the bus, it was not foreseeable to the School District that Daleiden would take it upon herself to assist the student off the bus.

Because the School District did not have a duty to Daleiden to provide a bus with a wheelchair lift, Daleiden is essentially claiming that the School District had a duty to prevent her from assisting the student off the bus. "Idaho follows the general rule that, absent special circumstances, one does not have a duty to control the conduct of another." *Hunter v. State, Dept. of Corrections, Div. of Probation & Parole*, 138 Idaho 44, 57 P.3d 755, 761 (2002). "Examples when an affirmative duty to control may arise include a parent's duty to control his child, an employer's duty to control an employee, or a law enforcement officer's duty to control a dangerous prisoner. The common element in each of these is knowledge of an unreasonable risk of harm and the right and ability to control the third party's conduct." *Turpen v. Granieri*, 133 Idaho 244, 248, 985 P.2d 669, 673 (1999).

In this case, the School District had no foreseeable reason to know that Daleiden would attempt to assist the student off the bus. It had already provided a bus aid who had worked with this student for over a year whose job it was to help him off the bus. Though Daleiden claims that this bus aid's back was injured and he was not able to help the student off the bus, it was simply not reasonably foreseeable that Daleiden would assume these duties on her own and would injure herself in the process. As such, there is no special circumstance which would create a duty on the part of the School District that, if observed, would have prevented Daleiden's accident.

Because the School District did not owe any duty to Daleiden upon which she can base a claim of negligence, we affirm the district court's grant of summary judgment, dismissing the claims against the School District.

472

## V.

### CONCLUSION

We hold that independent contractors are not covered under Idaho's worker's compensation law under I.C. § 72-205 when in the service of the state or any of its political subdivisions. Thus, this tort action could properly be brought against the School District and Daleiden is not bound by the limitations imposed under the Act.

However, we uphold the district court's grant of summary judgment against Daleiden on the alternative legal basis that the School District did not owe a duty to Daleiden upon which she can base a claim for negligence. We award costs on appeal to the School District.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK, concur.